J-A06038-20

2020 PA Super 125

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDMOND RAYMOND :
:
Appellant : No. 3617 EDA 2018

Appeal from the Judgment of Sentence Entered November 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007169-2017

BEFORE: STABILE, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED MAY 27, 2020**

Appellant Edmond Raymond appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after a jury convicted Appellant of Intimidation of a Witness.[1] Appellant raises a sufficiency challenge to his conviction based on a defect in the criminal information. Appellant also claims this offense was improperly graded as a felony of the first degree. As the trial court did not allow for the proper factual findings to be made to determine whether the witness intimidation conviction could be graded as a felony, we vacate the judgment of sentence and remand for the trial court to grade Appellant's witness intimidation conviction as a second-degree misdemeanor.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 4952.

Appellant was charged with Intimidation of a Witness, Retaliation Against a Witness, and Possession of an Instrument of Crime (PIC) in connection with his interactions with Rodger Pickens ("the complainant"). Prior to the instant offenses, the complainant had cooperated with law enforcement officials who charged Appellant's friend, Tony Tillman, with first-degree murder for the September 2015 fatal shooting of Aaron Walker. At Tillman's preliminary hearing, the complainant testified that Tillman had murdered Walker. Notes of Testimony (N.T.), 7/31/18, at 8-9, 11.

The complainant, Tillman, and Appellant knew each other well as they lived in the same neighborhood for years. As the complainant had agreed to testify against Tillman at his murder trial, the complainant was placed in the witness protection program and relocated to another neighborhood approximately ten to fifteen minutes away. The complainant testified that he was concerned for his safety in his former neighborhood and no longer kept in contact with friends there as he had been labeled a "snitch" and an "outcast" for testifying against Tillman. N.T. at 6-12.

Prior to Tillman's murder trial, on July 15, 2017, the complainant was outside with his wife and his daughter at his residence when Appellant approached in his vehicle. After Appellant exited the vehicle and greeted the complainant's family, the complainant's wife and daughter went inside the residence. N.T. at 14-15.

When the two men were alone, Appellant told the complainant, "I know where you was at. I would have done reached out and touched you, but I

wanted to give you an opportunity to make shit right." N.T. at 16. The complainant interpreted Appellant's statement as an effort to convince him not to testify at Tillman's murder trial. After the complainant asked Appellant to leave, Appellant continued, "I've been up to the prison to see Tony. I know everything. And you got to make this shit right." N.T. at 17.

At that point, the complainant went back inside his residence, stood behind his bulletproof steel door, but peered outside to watch Appellant. The complainant saw Appellant go back into his car, grab a black firearm, and tuck it under his shirt. Appellant then asked the complainant, "[s]o what are you gonna do?" while he placed his hand on his gun. N.T. at 23. After the complainant shut his door, he heard Appellant say "I know where you're at." N.T. at 17, 21-23.

After Appellant drove away, he called the complainant's cell phone and stated, "I shouldn't have came. I don't want you to feel threatened." N.T. at 25. Appellant further indicated that he did not want to be involved as the matter was between the complainant and Tillman. N.T. at 68. As a result of this incident, the complainant relocated his family again to an unspecified address, which required his daughter to change schools. In November 2017, the complainant testified against Tillman at his trial at which Tillman was convicted of murder. N.T. at 28-29, 40-41.

The complainant testified about two subsequent incidents after Tillman's trial that caused him to believe he was being threatened as a result of his testimony against Tillman. First, in January 2018, the complainant observed

two men in a van parked outside his home. The complainant recognized one of the men as Appellant's friend from his old neighborhood. N.T. at 34-38. Second, in April 2018, the complainant heard an urgent knock at his front door. When he looked outside, he did not see anyone but noticed a dead bird lying in front of the front door. The prosecution presented evidence that Appellant's nickname is Tweet. Appellant was incarcerated during these two events. N.T. at 43-45.

On August 1, 2018, a jury convicted Appellant of Intimidation of a Witness and Retaliation Against a Witness, but acquitted him of the PIC charge. On October 4, 2018, when the trial court was scheduled to proceed with sentencing, Appellant made an oral Motion for Extraordinary Relief, arguing *inter alia*, that there was insufficient evidence to support either of his convictions.[2]

Specifically, Appellant argued that he could not be convicted of Intimidation of a Witness under Section 4952(a)(1), which was the specific crime he was charged with in the criminal information. While Appellant conceded that the Commonwealth presented sufficient evidence to convict him of Intimidation of a Witness under Sections 4952(a)(2) and (a)(3), he claims the trial court did not have subject matter jurisdiction over those offenses as Appellant was never charged under those subsections. Appellant also challenged his Retaliation Against a Witness conviction, as there was no

---

[2] Although the certified record does not contain a transcript documenting Appellant's oral motion, the trial court summarized its content in its Pa.R.A.P. 1925(a) opinion. **See** Trial Court Opinion (T.C.O.), 5/15/19, at 6.

- 4 -

evidence to show that he made a specific threat or used violence to retaliate against the complainant for testifying at Tillman's preliminary hearing.

The trial court granted the motion with respect to Appellant's claim that there was insufficient evidence to support his conviction for Retaliation against a Witness and entered a judgment of acquittal notwithstanding the verdict on that charge. The trial court denied Appellant's Motion for Extraordinary Relief in all other respects.

On November 7, 2018, the trial court sentenced Appellant to six to twelve years' incarceration. Appellant filed a timely post-sentence motion, which the trial court subsequently denied. Appellant filed a timely notice of appeal and complied with the trial court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

I.     Where, as here, the evidence at trial did not establish the elements of a violation of 18 Pa.C.S.[A.] § 4952(a)(1)[,] should not the trial court have entered an order arresting judgment on that charge?

II.    Did not the trial court err in grading for sentencing the intimidation conviction as a felony of the first degree where, as here, none of the predicates for that grading under § 4952(b)(1) were present and, as such, the sentencing grade should have been a misdemeanor of the second degree?

Appellant's Brief, at 4.

Our standard of review is well-established:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh

the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reed*, 216 A.3d 1114, 1119 (Pa.Super. 2019) (quoting

*Commonwealth v. Brown*, 186 A.3d 985, 990-91 (Pa.Super. 2018)).

Appellant was convicted of Intimidation of a Witness under Section 4952, which provides in relevant part:

**§ 4952.  Intimidation of witnesses or victims**

**(a) Offense defined.--**A person commits an offense if, with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

(1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

(2) Give any false or misleading information or testimony relating to the commission of any crime to any law enforcement officer, prosecuting official or judge.

(3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge. …

18 Pa.C.S.A. § 4952(a)(1)-(3).

The parties agree that Appellant was erroneously charged in the criminal information under Subsection 4952(a)(1), which relates to the intimidation of a witness or a victim into refraining from reporting information about a crime. There is no dispute that the facts of this case more closely align with the offenses set forth in Subsections 4952(a)(2) and (a)(3), which relate to the intimidation of a witness to give false testimony or withhold testimony relating to a crime.

As Appellant had already reported information about Tillman's murder and testified against Tillman at his preliminary hearing when he was approached by Appellant, the prosecution's theory was that Appellant intended to intimidate the complainant to convince him to change this testimony or refrain from testifying against Tillman at his murder trial. Appellant claims his witness intimidation conviction cannot stand as the prosecution did not charge him under Subsection 4952(a)(2) or (a)(3).

However, this Court has held that a defendant waives his challenge to a defect in the criminal information if the defendant was placed on notice of the correct charge, defended against the correct charge, and made no objection to the discrepancy in the charged offense. *Commonwealth v. Ford*, 141 A.3d 547, 555 (Pa.Super. 2016) (finding appellant waived defect in criminal information that charged him with yield sign violations when appellant explicitly and implicitly acknowledged that he was being prosecuted for a stop sign violation and defended against this charge).

In this case, Appellant was placed on notice that his witness intimidation charge was based on allegations that he had attempted to convince the complainant to change his testimony or refrain from testifying against Tillman at his murder trial. The affidavit of probable cause reports that the complainant had testified at Tillman's preliminary hearing in July 2016 and that Appellant had approached the complainant at his residence to give the complainant the chance to "make things right by going to court and changing his testimony." Affidavit of Probable Cause, at 1.

Appellant defended himself against the appropriate charge and made no objection, either in his pretrial motions or at any point at trial, to the prosecution's theory that Appellant approached the complainant at his residence and "threaten[ed the complainant] to testify falsely/refrain from testifying at future court proceedings." Commonwealth's Trial Memorandum, 7/30/18.

Moreover, the trial court instructed the jury as to the correct subsections of Section 4952:

> The defendant has been charged with intimidation of a witness. To find the defendant guilty of this offense, you must find the each of the elements have been proven beyond a reasonable doubt; first, that the defendant attempted to intimidate a witness, Rodger Pickens to, one, *give false or misleading information or testimony relating to the commission of a crime* to law enforcement officer, prosecuting official, judge or jury; or two, *withhold information or testimony relating to the commission of a crime* to a law enforcement officer, prosecuting official judge or jury; second, that the defendant did so with the intent or with the knowledge that his conduct would obstruct, impede, impair, prevent or interfere with the administration of criminal justice. In order to find the defendant attempted to intimidate Rodger Pickens into acting in that way, and that he

engaged in conduct that constituted a substantial step towards intimating Rodger Pickens into so acting.

N.T., 8/1/18, at 58-59 (emphasis added). Before instructing the jury, the trial court provided the parties a copy of its proposed instructions and gave them an opportunity to suggest revisions. Appellant made no objection to the aforementioned jury instruction. As such, we find that Appellant waived his challenge to the defect in the criminal information.

Even if we were to find that Appellant had not waived this claim, Appellant would not be entitled to relief as he was not prejudiced by the defect in the criminal information. In **Ford**, this Court also set forth the law pertinent to the amendment of a criminal information:

> In **Commonwealth v. Sinclair**, 897 A.2d 1218 (Pa.Super. 2006), this Court provided that, in evaluating a court's decision to allow a criminal information to be amended, we examine whether the defendant was fully apprised of the factual scenario which supports the charges against him. The **Sinclair** Court added that when the crime in the original information involves the same basic elements and arises from the same factual situation, the defendant is deemed to be placed on notice of the different alleged criminal conduct.

**Ford**, 141 A.3d at 555.

Even if Appellant had made a timely objection, the prosecution would have been permitted to amend the information as it would not have to allege a different factual scenario and would not cause Appellant to advance a different defense. Appellant was fully apprised that the Commonwealth was prosecuting him for intimidation of a witness into changing his proposed testimony at a murder trial or refraining from testifying at all. As noted above, Appellant defended against these specific allegations and cannot show that his

defense strategy would have changed with the substituted charges. As such, we find this claim to be meritless.

Appellant also argues that the trial court incorrectly graded his witness intimidation conviction as a first-degree felony instead of a second-degree misdemeanor. Our standard and scope of review is as follows:

> The proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed. **Commonwealth v. Rossetti**, 863 A.2d 1185, 1193 (Pa.Super. 2004), *appeal denied,* 583 Pa. 689, 878 A.2d 864 (2005)*. …* The interpretation of a statute is a pure question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Davidson**, 595 Pa. 1, 11, 938 A.2d 198, 203 (2007).

**Commonwealth v. Felder**, 75 A.3d 513, 515 (Pa.Super. 2013).

We are also guided by the following principles:

> Our review is … governed by the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.,* under which our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. *See* 1 Pa.C.S.A. § 1921(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions."); **Nationwide Ins. Co. v. Schneider**, 599 Pa. 131, 143, 960 A.2d 442, 448 (2008). Generally, the best indication of the General Assembly's intent may be found in the plain language of the statute. **Martin v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing**, 588 Pa. 429, 438, 905 A.2d 438, 443 (2006). In this regard, "it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." **Commonwealth v. Rieck Investment Corp.,** 419 Pa. 52, 59–60, 213 A.2d 277, 282 (1965). Consequently, "[a]s a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says[;][o]ne must also listen attentively to what it does not say." **Kmonk–Sullivan v. State Farm Mut. Auto. Ins. Co.,** 567 Pa. 514, 525, 788 A.2d 955, 962 (2001) (internal quotations omitted).

***Commonwealth v. Wright***, 609 Pa. 22, 48, 14 A.3d 798, 814 (2011).

Moreover, we observe that:

It is also a fundamental principle of statutory construction that each word in a statute is to be given meaning and not be treated as mere surplusage. ***In re Employees of Student Services***, 495 Pa. 42, 432 A.2d 189, 195 (1981); ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013); ***see also*** 1 Pa.C.S. § 1921(a) ("Every statute shall be construed, if possible, to give effect to all its provisions").

***Commonwealth v. Kenney***, 210 A.3d 1077, 1080 (Pa.Super. 2019).

Subsection 4952(b) of the Crimes Code sets forth the grading provisions for the offense of Intimidation of a Witness:

(b) **Grading**.—

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.

(v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the

case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952(b).

Appellant admits that the underlying case in which he sought to influence through witness intimidation was a first-degree murder trial. However, Appellant claims his conviction cannot be graded as a first-degree felony under Subsection 4952(b)(2) as the trial court did not require the Commonwealth to satisfy one of the criteria set forth in Subsection 4952(b)(1), which Appellant claims are necessary predicates for grading the offense as a felony.[3]

In reaching its decision, the trial court emphasized that it was undisputed that Appellant sought to influence the complainant into changing his testimony or refraining from testifying at a first-degree murder trial. The trial court found that these circumstances warranted the grading of the witness intimidation conviction as a first-degree felony under Subsection 4952(b)(2) and reasoned that it was unnecessary to ask the jury to make a

_____

[3] While the Commonwealth's stance on this issue has vacillated throughout this case, the Commonwealth now concedes that the criteria in Subsection 4952(b)(1) are predicates to a finding that the conviction should be graded as a first-degree felony under Subsections 4952(b)(2)-(4).

- 12 -

factual finding determining whether Appellant's conduct satisfied any of the criteria listed in Subsection 4952(b)(1).

To support its interpretation of the relevant grading provisions, the trial court relied on the following portion of this Court's decision in **Felder**:

> Subsection 4952(b) provides a clear roadmap for the grading of witness/victim intimidation offenses. If a felony of the first-degree ... was charged in the case, then the offense of witness/victim intimidation is graded as a first-degree felony. 18 Pa.C.S.A. § 4952(b)(2). If the most serious offense charged in the case was a second degree felony, then the witness/victim intimidation offense is graded as a second-degree felony. 18 Pa.C.S.A. § 4952(b)(3). If no first-degree or second-degree felony was charged in the case, but the criminal defendant nevertheless sought to influence or intimidate a witness or victim in any manner described in subsection 4952(b)(1), then the witness/victim intimidation offense is graded as a third degree felony. 18 Pa.C.S.A. § 4952(b)(4). In all other cases, the offense of witness/victim intimidation is graded as a second-degree misdemeanor. 18 Pa.C.S.A. § 4952(b)(5).

**Felder**, 75 A.3d at 516–17. Based on this language, the trial court found that, in order to grade the witness intimidation conviction as a felony, the prosecution could *either* prove that the defendant sought to influence or intimidate a witness or victim in any manner set forth in Subsection 4952(b)(1) *or* that the underlying case which the defendant sought to influence was graded as a felony of the first or second degree.[4]

---

[4] The trial court also relied on **Commonwealth v. Robinson**, 529 EDA 2015, 2016 WL 5919884 (Pa.Super. September 6, 2016) (unpublished memorandum) in arguing that the factors in Subsection 4952(b)(1) are essentially irrelevant when the underlying case in which the victim/witness was involved was serious felony offense. Our Internal Operating Procedures previously precluded a court or party from citing to or relying upon an unpublished decision except in circumstances not present in this case:

However, the **Felder** decision did not address the question at issue in this case: whether a witness intimidation conviction can be graded as a first-degree felony under Subsection 4952(b)(2) when the fact-finder has not made a specific finding as to one of the circumstances in Subsection 4952(b)(1). Instead, the **Felder** court was asked to decide whether a witness intimidation charge could be graded as a felony when the charges were dropped in the underlying case that the defendant sought to influence through intimidation. **See Felder**, 75 A.3d at 517 ("[a] first-degree felony was *charged in this case*, and thus the trial court properly graded Felder's conviction for witness/victim intimidation as a first-degree felony pursuant to 4952(b)(2)") (emphasis in original). As such, we do not find **Felder** to be instructive in our interpretation of the grading provisions at issue.

As noted above, our rules of statutory interpretation provide that "the best indication of the General Assembly's intent may be found in the plain language of the statute." **Wright**, **supra**. In doing so, we recognize that the plain language of the relevant statute provides that the prosecution must

_____

> An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, *res judicata*, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding.

Superior Court I.O.P. § 65.37(A). **But see** Pa.R.A.P. 126(b) (unpublished memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

prove that one of the criteria in Subsection 4952(b)(1) is first satisfied in order to grade the witness intimidation conviction as a felony pursuant to Subsections 4952(b)(2)-(4).

The language of Subsection 4952(b)(1) itself provides that a witness intimidation conviction can be graded as a felony under Subsections 4952(b)(2)-(4) "if" one of the criteria in Subsection 4952(b)(1) is satisfied. 18 Pa.C.S.A. § 4952(b)(1). In addition, Subsections 4952(b)(2)-(4) contain similar language requiring that the prosecution prove that "the actor sought to influence or intimidate a witness as specified in *this* subsection." 18 Pa.C.S.A. § 4952(b)(2)-(4). We have highlighted the relevant language in the statute below:

> (1) The offense is a felony of the degree ***indicated in paragraphs (2) through (4) if***:
>
> > (i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.
> >
> > (ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.
> >
> > (iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.
> >
> > (iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.
> >
> > (v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which **the actor sought to influence or intimidate a witness or victim as specified in this subsection.**

(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which **the actor sought to influence or intimidate a witness or victim as specified in this subsection.**

(4) The offense is a felony of the third degree in any other case in which **the actor sought to influence or intimidate a witness or victim as specified in this subsection.**

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952(b) (emphasis added).

If we were to accept the trial court's interpretation of this statute to allow the grading of the witness intimidation conviction to be elevated to a felony solely based on the grading of the crime charged in the underlying case that the victim/witness was involved in pursuant to Subsections 4952(b)(2)-(4), the highlighted language above would be rendered mere surplusage in violation of our rules of statutory construction. **Kenney**, **supra**; 1 Pa.C.S.A. § 1921(a).[5]

In summary, the plain language of Subsection 4952(b) provides that the offense of witness/victim intimidation begins as a misdemeanor of the second

_____

[5] We also recognize that the trial court cited to the Pennsylvania Suggested Standard Jury Instructions, which do not direct courts to read Subsection 4952(b)(1) as a predicate to grading the charge as a felony under the other subsections, but provide alternative instructions where Subsections 4952(b)(1)-(3) apply. **See** Pa.S.S.J.I.(Crim) § 15.4952. However, our Supreme Court has provided that the "Suggested Standard Jury Instructions themselves are not binding and do not alter the discretion afforded trial courts in crafting jury instructions; rather, as their title suggests, the instructions are guides only." **Commonwealth v. Eichinger,** 631 Pa. 138, 178, 108 A.3d 821, 845 (2014).

degree. 18 Pa.C.S.A. § 4952(b)(5). The grade of this crime may be elevated to a third-degree felony if the defendant's conduct satisfies one of the criteria in Subsection 4952(b)(1). 18 Pa.C.S.A. § 4952(b)(1),(4).

If the predicate criteria in Subsection 4952(b)(1) are met, the level of the intimidation charge can be further elevated by looking to the grading of the underlying case in which the witness/victim was involved. If Commonwealth proves that one of the criteria in Subsection 4952(b)(1) is satisfied *and* establishes that the underlying case in which the witness/victim was involved was a felony of the second degree, the intimidation charge may be raised to a felony of the second degree. 18 Pa.C.S.A. § 4952(b)(3). If Commonwealth proves that one of the criteria in Subsection 4952(b)(1) is satisfied *and* establishes that the underlying case in which the witness/victim was involved was a felony of the first degree or involved a charge of murder, the intimidation charge may be raised to a felony of the first degree. 18 Pa.C.S.A. § 4952(b)(2).

This interpretation of the grading provisions of Section 4952 gives effect to all of its provisions and avoids the trial court's conclusion that parts of the statute were rendered irrelevant.

In this case, the trial court gave an incomplete jury instruction based on its belief that Appellant's witness intimidation conviction could be graded as a first-degree felony simply based on the undisputed fact that Appellant was charged with intimidating a witness from testifying at a first-degree murder

trial.[6]  As the trial court did not require the prosecution to first show that one of the predicate criteria in Subsection 4952(b)(1) was satisfied in order for Appellant's witness intimidation conviction to be graded as a felony, we are constrained to vacate the judgment of sentence and remand for the trial court to grade the witness intimidation conviction as a second-degree misdemeanor.

Judgment of sentence vacated.  Case remanded for proceedings consistent with this decision.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>5/27/2020</u>

---

[6] We note that the trial court made a specific finding that the jury determined that Appellant did not use a threat of force or violence in his interaction with the complainant.  T.C.O. at 15, n. 20.  There is no support for this factual finding as the jury was only specifically asked to determine whether Appellant threatened force or violence with respect to the charge that he *retaliated* against the victim for testifying at Tillman's preliminary hearing.  N.T., 8/1/18, at 66, 68-69.  The jury was never asked to determine whether Appellant threatened force or violence in relation to the charge that he sought to *intimidate* the complainant into changing his testimony or refraining from testifying at Tillman's upcoming murder trial.  As such, the jury never made a specific fact finding as to whether one of the circumstances in Subsection 4952(b)(1) was satisfied in this case with respect to the intimidation charge.