J-S25044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JULIAN FUENTES | : | |
| | : | |
| Appellant | : | No. 1657 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 22, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0004518-2018

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 30, 2020**

Appellant, Julian Fuentes, appeals *nunc pro tunc* from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his jury trial convictions for intimidation of a witness/victim and strangulation.[1] We affirm Appellant's convictions, but vacate the judgment of sentence in its entirety and remand with instructions.

The relevant facts and procedural history of this case are as follows.  On August 13, 2018, Appellant accosted Victim, his former paramour, and put her in a chokehold.  Police apprehended Appellant, and the Commonwealth charged Appellant with, *inter alia*, aggravated assault, a first-degree felony. Subsequently, Appellant called Victim while he was incarcerated and

---

[1] 18 Pa.C.S.A. §§ 4952(a)(3) and 2718(a)(1), respectively.

attempted to influence her to drop the allegations against him. The Commonwealth later filed a criminal information charging Appellant with intimidation of a witness/victim—withhold evidence, aggravated assault, strangulation, unlawful restraint, and false imprisonment.

During a January 18, 2019 pre-trial hearing, Appellant expressed his intent to represent himself. On June 10, 2019, the court conducted a ***Grazier***[2] hearing and permitted Appellant to proceed *pro se* with the assistance of standby counsel.

Also on June 10, 2019, Appellant's jury trial commenced. At trial, Victim testified she and Appellant had been in a romantic relationship for approximately one year. The relationship ended in the summer of 2018, and Victim obtained a protection from abuse order against Appellant in June 2018. On August 13, 2018, Victim agreed to have Appellant come to her home. While there, Appellant became angry with Victim and put her in a chokehold in her bedroom. Victim elaborated as follows:

> [Commonwealth]: When you say a chokehold, what do you mean exactly?
>
> [Victim]: [Appellant] put his arm around my neck.
>
> [Commonwealth]: Did he apply pressure?
>
> [Victim]: Yes.
>
> [Commonwealth]: How much pressure?

---

[2] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

[Victim]: It was enough to make me pass out.

\* \* \*

[Commonwealth]: You mentioned that you passed out.

[Victim]: Yes.

[Commonwealth]: Can you estimate how long it took between the time [Appellant] first put his arm around your neck until the time you passed out?

[Victim]: I can't.

[Commonwealth]: Okay. During this period of time, were you able to breathe?

[Victim]: I—I remember as I came to I was gasping, so I don't—I don't—maybe not. I gasped when I came to.

(N.T. Trial, 6/10/19, at 42-43). Victim then attempted to escape, and Appellant pursued Victim into the dining room. Victim described the incident in the dining room as follows:

[Victim]: … He instantly put me in another chokehold as soon as I got down the stairs. He put his arm around my throat but this time he wrapped his leg around my legs and he again choked me out.

I blacked out, but I wasn't all the way blacked out. I was—I was—I couldn't speak, I couldn't move, but I could kind of blurrily see things around me. And I felt my body jerking.

… I don't know if he slapped or punched me, but when I came to, I wasn't in the dining room anymore. I was in the living room on the floor….

(*Id.* at 45-46).

Following Appellant's arrest, Appellant called Victim while he was

incarcerated. As summarized by the trial court:

> While he was incarcerated on these charges, [Appellant] placed a telephone call to [Victim]. That call was played at trial for the jury. In the call, [Appellant] repeatedly and in an intimidating manner asks [Victim] to drop the charges and tells [Victim] that his brother will be in contact with her. A subsequent call played for the jury revealed that [Appellant] called his brother to request his intervention to get [Victim] to drop the charges. These calls occurred in the context of a prior incident that was presented to the jury, in which [Appellant] sent [Victim] a photo of himself holding a gun following an argument. …

(Trial Court Opinion, filed November 29, 2019, at 4) (internal citations to record omitted).

During the jury charge, the court instructed the jury regarding the grading of the witness intimidation/victim charge as follows:

> Third, that the most serious offense charged in this case which [Appellant] sought to influence the witness on was a first-degree felony. And I must instruct you that aggravated assault would be a first-degree felony.
>
> &ast; &ast; &ast;
>
> The third element of this is that the most serious offense charged in this particular case is a felony of the first-degree and that person would have been a witness related to a felony of the first degree. …

(N.T. Trial, 6/11/19, 194, 207).

On September 12, 2019, the jury convicted Appellant of one count each of intimidation of a witness/victim—withhold evidence and strangulation, both as first-degree felonies. The court sentenced Appellant on July 22, 2019, to seven and one-half (7½) to fifteen (15) years' incarceration for the

- 4 -

intimidation of a witness/victim conviction, as a first-degree felony. The court also sentenced Appellant to six (6) to twelve (12) years' incarceration for the strangulation conviction, concurrent to the sentence for witness/victim intimidation.

On August 2, 2019, Appellant timely filed a counseled petition brought under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his post-sentence rights *nunc pro tunc*. The court granted Appellant's petition on August 9, 2019. Trial counsel resumed representation of Appellant for post-sentence proceedings and Appellant timely filed a post-sentence motion *nunc pro tunc* challenging, *inter alia*, the weight of the evidence as to both convictions. The court denied post-sentence relief on September 9, 2019. Appellant filed a timely notice of appeal *nunc pro tunc* on October 8, 2019. The court ordered Appellant on October 10, 2019, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on October 31, 2019.

Appellant raises two issues for our review:

> Did not the [trial] court abuse its discretion by failing to grant [Appellant] a new trial on the basis that the guilty verdict for the offense of strangulation was against the weight of the evidence when the totality of the evidence was unreliable, contradictory, and incredible?
>
> Did not the [sentencing] court illegally sentence [Appellant] for intimidation of a witness graded as a first-degree felony rather than as a second-degree misdemeanor, where the charging document recited only the elements appropriate for the misdemeanor grading under 18 Pa.C.S.A. § 4952(a) and where the jury was not instructed on the additional facts

which give rise to the felony versions of the offense under 18 Pa.C.S.A. § 4952(b)(1)(i), (ii), (iii), or (iv)?

(Appellant's Brief at 5) (reordered for purposes of disposition).

In his first issue, Appellant argues Victim's testimony that Appellant impeded her breathing was equivocal. To the extent that Victim's testimony established that Appellant restricted her breathing, Appellant contends the impediment was minimal. Appellant avers the questionable evidence of only minor impairment of Victim's ability to breathe did not show Appellant acted intentionally or knowingly. Appellant submits the Commonwealth did not introduce evidence demonstrating Victim suffered injuries to her neck and throat. Appellant concludes his strangulation conviction was against the weight of the evidence, and he is entitled to a new trial. We disagree.

The following principles apply to a weight of the evidence claim:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999). Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004)

(most internal citations omitted).

Section 2718 of the Crimes Code defines the offense of strangulation, in relevant part, as follows:

**§ 2718. Strangulation**

**(a)    Offense defined.**—A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

(1)  applying pressure to the throat or neck[.]

*    *    *

**(b)    Physical injury.**—Infliction of a physical injury to a victim shall not be an element of the offense.  The lack of physical injury to a victim shall not be a defense in a prosecution under this section.

18 Pa.C.S.A. § 2718(a)(1), (b).

The Crimes Code defines "intentionally" and "knowingly," as follows:

**§ 302.  General requirements of culpability**

*    *    *

**(b)  Kinds of culpability defined.**—

(1)    A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2)    A person acts knowingly with respect to a material

element of an offense when:

> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(1-2). "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa.Super. 2003).

Instantly, the trial evidence demonstrated that Appellant applied pressure to Victim's neck two separate times. Each time, Appellant clutched Victim's neck long enough to render Victim unconscious or nearly unconscious. Victim recalled regaining awareness after each chokehold. In one instance Victim gasped for air, and in the other she awoke in a different room than the one in which Appellant had choked her. Appellant's grasp on Victim's neck blurred her vision and caused her to convulse. Consequently, the Commonwealth established each element of strangulation. *See* 18 Pa.C.S.A. § 2718(a)(1). Contrary to Appellant's assertion, the infliction of physical injury is not an element of strangulation and the absence of physical injury is not a defense. *See* 18 Pa.C.S.A. § 2718(b). The record evidence supports the trial court's conclusion that the verdict was not against the weight of the evidence. *See Champney, supra*. The jury was free to assess Victim's

credibility, resolve any inconsistencies in her testimony, and to give her testimony the appropriate weight. *Id.* Therefore, we see no abuse of discretion in the court's decision to reject Appellant's weight claim. *Id.* Accordingly, we affirm Appellant's strangulation conviction.

In his remaining issue, Appellant argues the trial court did not accurately instruct the jury on the statutory criteria for grading the witness/victim intimidation charge. Appellant submits the jury did not find facts necessary to grade the witness/victim intimidation conviction as a first-degree felony, and the conviction should have been graded as a second-degree misdemeanor instead. Appellant concludes the sentence for his witness/victim intimidation conviction as a first-degree felony is illegal, and this Court must vacate and remand for resentencing on this conviction. We agree.

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." ***Commonwealth v. Mendozajr***, 71 A.3d 1023, 1027 (Pa.Super. 2013). ***See also Commonwealth v. Raymond***, \_\_\_ A.3d \_\_\_, 2020 PA Super 125 (filed May 27, 2020) (construing challenge to grading of intimidation of witness or victim conviction as challenge to legality of sentence). When examining a challenge to the legality of a sentence, our scope and standard of review is as follows:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on

appeal, our standard of review is *de novo* and our scope of review is plenary.

***Mendozajr, supra*** at 1027 (internal citations and quotation marks omitted).

The Crimes Code provides the following grading scheme for the crime of intimidation of a witness or victim:

**§ 4952.  Intimidation of witnesses or victims**

\*    \*    \*

**(b)   Grading.**—

(1)   The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i)    The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii)   The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii)  The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv)   The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.

(v)    The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

(2)    The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this

subsection.

(3)  The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4)  The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5)  Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952(b).

The language of Subsection 4952(b)(1) itself provides that a witness intimidation conviction can be graded as a felony under Subsections 4952(b)(2)-(4) "if" one of the criteria in Subsection 4952(b)(1) is satisfied.  18 Pa.C.S.A. § 4952(b)(1).  In addition, Subsections 4952(b)(2)-(4) contain similar language requiring that the prosecution prove that "the actor sought to influence or intimidate a witness as specified in **this** subsection."  18 Pa.C.S.A. § 4952(b)(2)-(4).

*Raymond, supra* at *8 (emphasis in original).

…[T]he plain language of Subsection 4952(b) provides that the offense of witness/victim intimidation begins as a misdemeanor of the second degree.  18 Pa.C.S.A. § 4952(b)(5).  …

…  If Commonwealth proves that one of the criteria in Subsection 4952(b)(1) is satisfied **and** establishes that the underlying case in which the witness/victim was involved was a felony of the first degree or involved a charge of murder, the intimidation charge may be raised to a felony of the first degree.  18 Pa.C.S.A. § 4952(b)(2).

*Raymond, supra* at *9 (emphasis in original).

In other words, if the fact finder does not determine the defendant's

conduct satisfied one of the predicate criteria of Subsection 4952(b)(1), a defendant's witness/victim intimidation conviction cannot be graded as a first-degree felony. *Id.* Rather, the conviction is a second-degree misdemeanor. *Id.* (providing jury instruction is incomplete if court explains witness/victim intimidation conviction is first-degree felony solely because defendant sought to intimidate witness in case where charge was murder or first-degree felony). Absent a finding by the jury that a defendant's actions met one of Subsection 4952(b)(1)'s criteria, a sentence for a witness/victim intimidation conviction as a first-degree felony is illegal and must be vacated. *Id.* (vacating sentence for intimidation of witness or victim as first-degree felony because jury did not make any Subsection (b)(1) determination; remanding for trial court to grade witness intimidation conviction as second-degree misdemeanor).

Instantly, the trial court instructed the jury that it could grade Appellant's witness/victim intimidation charge as a first-degree felony merely because the most serious offense charged in the case in which Appellant sought to intimidate Victim was a first-degree felony. Nevertheless, the jury charge omitted the Subsection (b)(1) predicate criteria.[3] *See Raymond, supra*. Consequently, the jury did not find that Appellant's conduct satisfied Subsection (b)(1). Thus, Appellant's witness/victim intimidation conviction

---

[3] In its opinion, the trial court now agrees with Appellant that the jury instruction was flawed regarding the grading of Appellant's witness/victim intimidation charge. (*See* Trial Court Opinion at 5-12).

could have been graded only as a second-degree misdemeanor, and grading the conviction as a first-degree felony was improper. *See id.*; 18 Pa.C.S.A. § 4952(b)(1), (5). Therefore, Appellant's sentence for witness/victim intimidation as a first-degree felony is illegal. *See Raymond, supra*.

Based upon the foregoing, we affirm Appellant's strangulation conviction, vacate the judgment of sentence in its entirety, and remand for the trial court to grade Appellant's witness/victim intimidation conviction as a second-degree misdemeanor and resentence Appellant accordingly. As our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the trial court may restructure its sentence plan. *See Commonwealth v. Bartrug*, 732 A.2d 1287 (Pa.Super. 1999), *appeal denied*, 561 Pa. 651, 747 A.2d 896 (1999) (holding sentencing error on one count in multi-count case generally requires all sentences for all counts to be vacated so court can restructure entire sentencing scheme). *See also Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied*, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (stating generally if appellate court alters overall sentencing scheme, then remand for resentencing is proper).

Convictions affirmed; judgment of sentence vacated in its entirety; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/30/2020