J-S39021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :
               v.                                 :
                                                  :
                                                  :
CLARENCE TYRONE TAYLOR             :
                                                  :
           Appellant                     :      No. 109 MDA 2023

Appeal from the Judgment of Sentence Entered November 23, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001085-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED: DECEMBER 29, 2023**

Clarence Tyrone Taylor appeals from the judgment of sentence entered following his conviction for failure to comply with registration requirements.[1] He challenges the sufficiency of the evidence and the grading of his conviction. We affirm.

The relevant factual and procedural history of this case is as follows. In 2014, Taylor was convicted of multiple sex crimes stemming from events that occurred "[b]etween December 4, 2012, and December 13, 2012[.]" **Commonwealth v. Taylor**, No. 1090 MDA 2014, 2015 WL 7012589, at *1 (Pa.Super. filed June 2, 2015) (unpub. mem.). The court ordered Taylor to register as a sex offender under two provisions of the Sex Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.14 and

---

[1] 18 Pa.C.S.A. § 4915.2(a)(3).

9799.15. Based on the date of his crimes, Taylor was subject to the registration requirements of Subchapter I of SORNA. *See* 42 Pa.C.S.A. § 9799.55 (addressing sex offenses committed before December 20, 2012).

In March 2022, the Commonwealth charged Taylor with failure to provide accurate registration information. *See* 18 Pa.C.S.A. § 4915.1(a)(3) (applicable to those required to register under SORNA Subchapter H). It then filed an amended information with the same charge but graded as a felony of the second degree. The amended information alleged that on July 16, 2021, Taylor "failed to register, in that he failed to update [that] he was terminated from his employment and failed to provide [an] accurate address for his employment, as required under his Megan's Law Registry requirement." Amended Information, filed 8/31/22.

At Taylor's jury trial, the Commonwealth presented evidence that Taylor was subject to registration under Section 9799.55, had been terminated from his place of employment, CVS, in October 2021, failed to update his registration with this information, and failed to provide an accurate address for CVS. *See* N.T., Trial, 9/19/22-9/20/22, at 101 (Pennsylvania State Police ("PSP") testimony that Taylor was subject to ten year registration under SORNA); 99 (sentencing order and certified record for underlying offense marked as Commonwealth's Exhibit 2); 154-55 (employee of CVS testifying that Taylor had been hired in July 2021 and that location of CVS was 1507 Lititz Pike); 241-42 (detective testifying that he obtained information from CVS that Taylor had been terminated on October 13, 2021); 195-98, 202-03

(testimony from Christina Fluegel, a Lancaster County Prison employee, who helped Taylor update his sex offender registration in November 2021 to reflect Lancaster County prison address); 210 (testimony from Fluegel that no other changes were made to Taylor's registration form besides the address in November 2021); Commonwealth's Exhibit 3 (record of employment from CVS for Taylor; the last page of the record reflecting termination date of October 13, 2021); 141 (PSP testimony that Taylor updated his registration with employment information and listed the address for CVS as 1571 Lititz Pike). During its closing argument, the Commonwealth argued that Taylor took away the right of the public to know "precise information about w[h]ere he is[,]" when he did not provide an accurate address for CVS. *Id.* at 304.

After closing arguments, the court instructed the jury. It stated that the Commonwealth had charged Taylor with "failure to follow certain registration and reporting requirements under Megan's Law." *Id.* at 324-25. The court then defined the offense and instructed the jury as follows.

> The offense is defined as follows:
>
> An individual who is subject to registration and periodic verification under Megan's Law commits an offense if he knowingly fails to provide accurate information. Information that is required to be accurately reported includes a change of employer or termination of employment within three business days.
>
> To find the defendant guilty of this offense, you must find the following two elements have been proven beyond a reasonable doubt:
>
> First, the defendant was an individual required to provide accurate information to the Pennsylvania State Police

> regarding his employment and/or termination of employment within three business days in accordance with Pennsylvania Megan's Law.
>
> Second, that the defendant knowingly failed to do so.

*Id.* at 325. The jury found Taylor guilty of "failure to provide accurate registration information." Verdict Slip, dated September 20, 2022.

The morning of sentencing, Commonwealth amended the information to correct the statutory citation from 18 Pa.C.S.A. § 4915.**1**(a)(3) to 18 Pa.C.S.A. § 4915.**2**(a)(3). N.T. Sentencing, 11/23/22, at 3-6. Over defense counsel's objection, the court permitted the amendment. *Id.* at 11. The court then sentenced Taylor to 30 to 60 months' incarceration. Taylor filed a post-sentence motion that the trial court denied, and this timely appeal followed.

Taylor presents the following issues:

I.   Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that Mr. Taylor was guilty of failure to comply with registration requirements, pursuant to 18 Pa.C.S.A. § 4915.1 where Mr. Taylor did not commit a registerable offense on or after December 20, 2012, and therefore was not subject to registration under 42 Pa.C.S.A. § 9799.13?

II.  Did the trial court err in grading for sentencing the failure to register conviction as a felony of the second degree where the conduct described in the amended [information] filed on August 31, 2022 constituted both felony 2 and felony 3 conduct, and it was unclear whether the jury found Mr. Taylor guilty of conduct constituting a felony 2, conduct constituting a felony 3 or both based on the verdict slip?

Taylor's Br. at 5 (unnecessary capitalization and answers of trial court omitted).

Taylor claims that there was insufficient evidence of his failure to comply with registration requirements under 18 Pa.C.S.A. § 4915.1, which applies to those required to register under Subchapter H of SORNA. He maintains that based on his original underlying offense date, he is subject to the registration requirements under Section 4915.2, applicable to Subchapter I of SORNA. He argues that despite the Commonwealth's later amendment of the information, the information at trial listed Section 4915.1(a)(3). He also claims that he was prejudiced by the "last minute attempt to amend the information." *Id.* at 22.

Taylor also maintains that he was prejudiced by the Commonwealth's closing argument that he failed to provide information that the public had a "right" to know, namely the correct address of his place of employment. He notes that had the Commonwealth proceeded under the correct subchapter, "this precise argument would not have been available." *Id.* at 21.

When reviewing a challenge to the sufficiency of the evidence, we view the "evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor." ***Commonwealth v. Chambers***, 188 A.3d 400, 409 (Pa. 2018). We then determine "whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt." ***Id.*** The Commonwealth may sustain its burden through wholly circumstantial evidence. ***See Commonwealth v. Gause***, 164 A.3d 532, 541 (Pa.Super. 2017) (*en banc*). Our standard of review is *de novo* and our scope of review is plenary. ***See Chambers***, 188 A.3d at 409.

The crux of Taylor's argument is that the information cited the statute applicable to those required to register under Subchapter H, and he was required to register under Subchapter I. The difficulty for his claim is that the court allowed the amendment to the information to cite the correct statute, and he does not challenge the amendment. To the extent Taylor now claims he was prejudiced by the prosecutor's argument during closing and the timing of the amendment, he waived any such claims by failing to raise them in his Rule 1925(b) statement or his Statement of Questions Involved. **See** Statement of Errors Complained of On Appeal, filed 2/22/23; Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 2116(a).

In his second issue, Taylor claims that the trial court erred in grading his offense as a felony of the second degree. He alleges that based on the August amended information, the Commonwealth alleged that he committed violations that would amount to second and third-degree felonies. Therefore, he suggests that "[t]he jury may have decided he simply failed to register his termination only, or the jury may have decided he provided an inaccurate address only, or that he did both." Taylor's Br. at 28. He claims that since there is no way to determine what the jury decided, we should remand the case for resentencing.

"The proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed." ***Commonwealth v. Raymond***, 233 A.3d 809, 816 (Pa.Super. 2020) (citation omitted). Our standard of review is *de novo* and our scope plenary. ***See id.***

As with his prior claim, Taylor's argument ignores the fact that the court permitted the Commonwealth to amend the information to reflect a charge under Section 4915.2(a)(3), which is statutorily defined as a felony of the second degree. **See** 18 Pa.C.S.A. § 4915.2(b)(4) (an individual . . . who violates subsection (a)(3) commits a felony of the second degree"). His offense is properly graded. We affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2023