J. S76020/16

2017 PA Super 90

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
KAREEM OMAR VON EVANS, :
:
Appellant :
:
:
: No. 383 EDA 2016

Appeal from the Judgment of Sentence November 20, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007695-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E. [*]

OPINION BY DUBOW, J.:                                          **FILED APRIL 06, 2017**

Appellant, Kareem Omar Von Evans, appeals from the Judgment of

Sentence entered in the Bucks County Court of Common Pleas following his

conviction of Criminal Solicitation of Witness Intimidation. After careful

review of the facts of the case and current case law, we conclude that the

Commonwealth's evidence is insufficient to demonstrate that the Appellant

intended to "intimidate" the victim not to testify at the underlying trial.

Rather, the evidence demonstrates that Appellant merely intended to

"induce" the victim not to testify. Therefore, we are constrained to reverse

Appellant's conviction of Criminal Solicitation of Witness Intimidation and

vacate his Judgment of Sentence.

---

[*] Former Justice specially assigned to the Superior Court.

This matter arises from Appellant's telephone and in-person conversations with his girlfriend while incarcerated and awaiting trial in a rape case.[1] In those conversations, Appellant asked his girlfriend to contact the victim in the rape case and offer to pay her not to testify. His girlfriend was never able to contact the victim.

After obtaining the evidence of these conversations, the Commonwealth charged Appellant with one count each of Criminal Solicitation to Intimidate a Witness, Conspiracy to Commit Criminal Solicitation, and Witness Intimidation.

On March 16, 2015, Appellant waived his right to a jury trial in the instant matter and agreed to a stipulated waiver trial. The parties stipulated to certain facts, which they then submitted to the court.

The trial court summarized the evidence from the stipulated facts that it found relevant as follows:

> The stipulated facts indicate that Appellant called Kalesha Cruz on multiple occasions between August 13, 2014 and September 25, 2014 to encourage her to contact the complaining witness in his underlying rape case so as to

---

[1] On March 3, 2015, a jury convicted Appellant of Rape by Threat of Forcible Compulsion, Involuntary Deviate Sexual Intercourse by Threat of Forcible Compulsion, Robbery by Threat of Serious Bodily Injury, Robbery by Force, Terroristic Threats, Theft by Unlawful Taking, Criminal Conspiracy to Commit Robbery by Threat of Serious Bodily Injury, and Criminal Conspiracy to Commit Theft. The court sentenced Evans to an aggregate sentence of 40 to 80 years' incarceration. This Court affirmed Appellant's Judgment of Sentence. **See Commonwealth v. Evans**, No. 2475 EDA 2015 (Pa. Super. November 21, 2016) (unpublished memorandum).

> attempt to give her money in exchange for no longer appearing at judicial proceedings in his case. Appellant further discussed the possibility of Ms. Cruz contacting the victim during face-to-face visits that she made to the Bucks County Correctional Facility on various occasions during that same time.

Trial Ct. Op., 5/13/16, at 7.

The trial court also summarized the testimony of the Appellant's girlfriend at the underlying rape trial in which she testified that the Appellant asked her to offer money to the rape victim in exchange for the rape victim not testifying:

> At Appellant's rape trial, Ms. Cruz confirmed the fact that Appellant instructed her to attempt to locate the victim so as to give her financial compensation in exchange for not testifying against Appellant. Ms. Cruz was further able to identify the above-referenced conversations between her and Appellant during which Appellant discussed his plan. Ms. Cruz detailed that she received information from Appellant's family concerning the name of the victim, and she was sent screenshots of the victim's [B]ackpage account. After receiving the images, Ms. Cruz called the victim's phone number three (3) times from her cell phone and three (3) times from a pay phone, but only heard a sound resembling a fax machine in each instance. Additionally, Ms. Cruz identified phone conversations with Appellant where they would discuss her progress in attempting to contact the victim. Ms. Cruz reiterated that the reason she attempted to contact the victim was at the request of Appellant.

*Id.*

The trial court also summarized the testimony of Appellant who admitted at his rape trial that he talked to his girlfriend about paying the victim in the rape case not to testify:

> While testifying at trial, Appellant admitted to making the above-referenced phone calls to Ms. Cruz where he discussed attempting to contact the victim in his underlying rape trial. Similarly, Appellant disclosed that his intention was to pay the victim to secure her unavailability for trial. Appellant specifically conceded:
>
> > So my hopes to accomplish during the phone call was not to hurt anyone, but hoping if you give this person some money, that she wouldn't show up to court and put our family through this stress and this terrible incident to be accused of . . . . So I hoped that if I could give her the money, that all of this could go away.

*Id.* at 8.

Based on this evidence, the trial court found Appellant guilty of Criminal Solicitation to Intimidate a Witness.[2] On November 20, 2015, the court sentenced Appellant to a term of 3½ to 10 years' incarceration, which was to run consecutively to the 40 to 80 year sentence imposed after his conviction on the underlying charges.[3]

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[2] 18 Pa.C.S. § 902(a); 18 Pa.C.S. § 4952(a)(6), respectively.

[3] On November 30, 2015, Appellant filed a Motion to Modify and Reconsider Sentence, in which he argued that his 43½ to 90 year aggregate sentence is illegal because it "constitutes a life sentence." Mot. to Modify and Reconsider Sentence., 11/30/15, at 2 (unpaginated). Appellant also argued that the court's imposition in this matter of a sentence that runs consecutive to the sentence in the underlying matter, rather than concurrently with that sentence, "was unduly harsh considering the nature of the crime and the length of imprisonment resulting from the consecutive sentences." *Id.* The trial court held a hearing on Appellant's Motion on January 4, 2016; however, Appellant withdrew the motion prior to the court's disposition.

Appellant raises one issue on appeal in which he challenges the sufficiency of the Commonwealth's evidence in support of his conviction for witness intimidation. Appellant's Brief at 4. Relying on the holding in **Commonwealth v. Doughty**, 126 A.3d 951 (Pa. 2015), Appellant specifically argues that since the Commonwealth's evidence was limited to an offer of money not to testify in the underlying rape case, the Commonwealth failed to prove "intimidation" under the relevant statute. Appellant's Brief at 12. Appellant concludes that as a result, the trial court based its conclusion that Appellant intimidated or attempted to intimidate the victim on speculation and not the facts of record. *Id.* at 13.

In reviewing the sufficiency of the evidence, our standard of review is as follows:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

> The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

- 5 -

*Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014) (citations and quotations omitted).

A defendant is guilty of Intimidation of Witnesses if, "with the intent to or with the knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to . . . [a]bsent himself from any proceeding or investigation to which he has been legally summoned." 18 Pa.C.S. § 4952(a)(6).

Pursuant to 18 Pa.C.S. § 902, a defendant is guilty of Criminal Solicitation to commit a crime if:

> with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S. § 902(a).

As an initial matter, it is clear that Appellant's conversations with his girlfriend demonstrated that he requested "another person to engage in specific conduct." *See id.* The question before us, however, is whether those acts constitute "an attempt to commit such crime." *See id.* In other words, we must determine whether Appellant's request to his girlfriend to make a pecuniary offer to the victim not to testify at the underlying rape case establishes the crime of Witness Intimidation.

In **Doughty**, **supra**, our Supreme Court addressed the elements the Commonwealth must establish to prove witness intimidation when the defendant makes a pecuniary offer to a witness not to testify. As a general matter, the Supreme Court held that whether "an offer of a pecuniary or other benefit contains sufficient indicia of intimidation is be determined by the fact[-]finder and assessed under the totality of the circumstances, cognizant that proof of manifest threats is not required." **Id.**

Applying this general principle to a case in which the defendant made a pecuniary offer to his wife not to testify at his aggravated assault trial, the Supreme Court first analyzed the explicit language of the Witness Intimidation statute. The Supreme Court observed that the original version of the Witness Intimidation statute used the term "induce." **Doughty**, 126 A.3d at 954. The legislature later amended the Witness Intimidation statute, replacing the term "induce" with "intimidates." **Id.** at 953-54.

The **Doughty** Court, thus, concluded that the fact-finder cannot infer "intimidation" from the mere offer of a pecuniary benefit not to testify. **Id.** at 957. Rather, there must be other evidence from which the fact-finder can infer intimidation, such as a prior relationship between the defendant and victim or the manner in which the defendant made the pecuniary offer not to testify:

> Where [**Commonwealth v.**]**Brackbill**[, 555 A.2d 82 (Pa. 1989)] goes awry is in suggesting a pecuniary benefit, in and of itself, comprises intimidation. Such an inducement may or may not intimidate, but the legislature replaced the

> element of inducement with the element of intimidation. The legislature did not state that inducements cannot suffice to constitute intimidation; it said the opposite.

*Id.*

Applying this principle to the facts of **Doughty**,[4] the Supreme Court held that the jury properly inferred the defendant's intent to "intimidate" from other contact that the defendant had with the victim. *Id.* at 958. In particular, the defendant had a history of threatening his wife with severe bodily injury and expressed strong invective when he made the pecuniary offer to his wife not to testify. *Id.* Thus, these additional contacts between the defendant and his wife were sufficient to infer an "intent to intimidate" from the pecuniary offer. *Id.*

By way of further example, in **Commonwealth v. Lynch**, 72 A.3d 706 (Pa Super. 2013), this Court sitting *en banc*, affirmed a 6 to 12 year Judgment of Sentence following the defendant's conviction of Intimidation of a Witness. In **Lynch**, the trial court concluded that the Commonwealth presented sufficient evidence of the defendant's intent to intimidate his girlfriend, who was also the mother of his children, to refrain from testifying against him at his trial for assaulting her. *Id.* at 711-12. The court specifically inferred the defendant's manifest intent to intimidate from the totality of the surrounding circumstances, emphasizing the close relationship

---

[4] The Commonwealth charged Doughty with, and obtained convictions of, Simple Assault, Harassment, and Intimidation of a Witness. **Doughty**, 126 A.2d at 952.

the defendant had with his victim, the number of times the defendant asked her not to testify, and the nature of the underlying crime. *Id.* at 709.

In the instant case, it is clear, as an initial matter, that Appellant's conversation with his girlfriend to offer a pecuniary benefit to the victim not to testify demonstrated Appellant's intent to "induce" the victim not to testify. The next question is whether there are other facts from which the fact-finder could infer that Appellant intended to "intimidate" the victim so that she would not testify.

The trial court inferred Appellant's "intent to intimidate" from the nature of the underlying crime and its speculation about the victim's response to a pecuniary offer not to testify:

> It is [ ] beyond argument that [Appellant's] conduct would have intimidated his victim, despite his claims that such intimidation was not his intent. Appellant sought to contact his victim, who he was found by a jury of raping multiple times at shotgun-point. **Any contact facilitated by the victim's rapist urging her not to appear for judicial proceedings would undeniably intimidate her, or any reasonable person for that matter.** Appellant may not have considered his conduct as intimidating, but he should not receive a benefit for his lack of appreciation for basic human sensitivities and what would be her natural reaction to his conduct. As such, the stipulated evidence is sufficient to support Appellant's conviction [ ].

Trial Ct. Op. at 9 (emphasis added).

Although we are horrified by the brutality of Appellant's actions in the underlying crime, we do not agree that the contact during the underlying crime alone is sufficient to establish that Appellant had the "intent to intimidate." Unlike the facts in ***Doughty***, in this case there was no evidence

of a history of violent interactions between the Appellant and the victim and no invective conversation making the pecuniary offer to the victim. Rather, the Commonwealth's only evidence was a conversation between the Appellant and a third party to make a pecuniary offer. We conclude that this, without more, is evidence merely of an intention to "induce," and not to "intimidate" a witness from not testifying.

The trial court focused on the impact that the potential offer of a pecuniary benefit could have on the victim. The court cannot, however, establish Appellant's intent from its speculation about the victim's response to such an offer, had it been made. Rather, the correct legal analysis is on the intent of Appellant, which the fact-finder must be able to reasonably infer from the Appellant's actions and not from speculation about the victim's reaction if contacted.

Accordingly, we conclude that, while the factfinder may consider the nature of the underlying crime in evaluating the totality of the circumstances to determine whether the defendant intended to "induce" or to "intimidate" a witness from not testifying at the trial for the underlying crime, the nature of the underlying conviction, and speculation about the victim's response to an offer, without more, is insufficient to establish that a defendant intended to "intimidate" a witness and sustain a conviction of Witness Intimidation. Thus, evaluating the totality of the circumstances, there is no legal basis to

support the trial court's conclusion that Appellant committed the offense of Witness Intimidation under the facts of this case.

For the foregoing reasons we are constrained to reverse Appellant's conviction of the offense of Criminal Solicitation of Witness Intimidation.

Judgment of Sentence vacated.

Judge Stabile joins this Opinion.

President Judge Emeritus Stevens files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017