J-S48031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                      :

            v.                           :
                                      :

DANA PEZZETTI-FUNK           :
                                      :

             Appellant           :     No. 3026 EDA 2019

Appeal from the Judgment of Sentence Entered September 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002938-2018

BEFORE:  KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:         **FILED NOVEMBER 17, 2020**

Appellant, Dana Pezzetti-Funk, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following her nonjury conviction of intimidation of witnesses or victims,[1] criminal conspiracy,[2] and terroristic threats.[3]  On appeal, Appellant challenges the sufficiency and weight of the evidence.  For the following reasons, we affirm.

The facts underlying Appellant's convictions were developed during the non-jury trial as follows.  Appellant and Stephanie Pezzetti-Funk (Co-defendant) are sisters.  Gia Fuscellaro (Complainant) was in a romantic relationship with Appellant's former boyfriend, with whom Appellant shares a

---

[1] 18 Pa.C.S. § 4952(a)(1).

[2] 18 Pa.C.S. § 903(c).

[3] 18 Pa.C.S. § 2706(a)(1).

child. N.T. Trial, 6/20/19, at 13-14. In June of 2016, Complainant was the complaining witness in a separate case involving both Appellant and Co-defendant. *Id*. at 27-28. A preliminary hearing for that matter was scheduled for Monday, June 27, 2016. *Id.*

On or about June 24, 2016,[4] Complainant was on Broad Street in the City of Philadelphia when Appellant approached her and said, "Hello, bitch. Are you going to court on Monday? I hope you don't go to court on Monday." N.T., Trial, at 27. Complainant also testified Appellant "told me to drop the charges." *Id.* at 19. She stated the Broad Street encounter made her feel "upset" and "threatened." *Id.* at 20, 42. Complainant notified the Assistant District Attorney (ADA) of the incident and explained she "didn't want to be in contact with [Appellant and Co-defendant]" when leaving the upcoming preliminary hearing. *Id.* at 29, 41-42. Therefore, Complainant arranged to leave the courtroom first, followed later by Appellant and Co-defendant. *Id.* at 29, 41-42. In its opinion, the trial court indicated the "staggered release" was court-ordered. Trial Ct. Op., 1/29/20, at 2.

However, Complainant testified that, as she exited the courtroom following the preliminary hearing on Monday, June 27, 2016, Appellant and Co-defendant immediately followed her and "were right behind [her] the whole time." N.T., Trial, at 42. She testified that "[Appellant] was yelling

---

[4] There was a discrepancy in the testimony as to whether the encounter occurred on Friday, June 24th, or Saturday, June 25th. N.T., Trial, at 35-37.

things, calling [her] a bitch and a cock sucker[.]" *Id.* at 15. At the same time, Complainant stated that Co-defendant approached her, "put her fists up[,] and said I better drop the charges[,]" and that "when this is over she's going to beat me up[.]" *Id.* at 15, 40. During this encounter, Appellant stood three to five feet away. *Id.* at 17, 34. Complainant testified the elevator encounter made her feel "upset [and s]cared." *Id.* at 19. Immediately thereafter, Complainant attempted to contact the ADA, but when she was unable to reach them, she filed a police report that same day. *Id.* at 30-31.

Appellant was subsequently charged with intimidation of witnesses or victims, criminal conspiracy, and terroristic threats. However, on August 15, 2016, the trial court dismissed the charges for lack of evidence establishing a *prima facie* case. *See* Trial Docket Entry, 8/15/16. On October 5, 2016, the trial court denied the refiling of charges, and the Commonwealth filed a timely appeal. *See* Trial Docket Entry, 10/5/16. On February 2, 2018, a panel of this Court reversed the trial court's order and remanded for further proceedings, concluding the trial court erred in denying the Commonwealth's motion to refile charges where the evidence presented at the preliminary hearing showed that Appellant, "acting in concert with her sister, threatened [Complainant] to prevent her from testifying," and Complainant "felt both intimidated and scared as a result." *Commonwealth v. Pezzetti-Funk,* 3368 EDA 2016 (unpub. memo. at 5, 7) (Pa. Super. Feb. 2, 2018). The panel determined that this evidence "was all that was necessary to establish a *prima facie* case." *Id.* at 6.

- 3 -

Upon remand, the charges were reinstated, and the case proceeded to a joint nonjury trial with Co-defendant on June 6, 2018. The trial court found Appellant guilty of all charges. On September 23, 2019, the trial court sentenced Appellant to a term of 11½ to 23 months' imprisonment, followed by three years' probation on each count and directed the sentences be served concurrently. Order, 9/23/19, at 1-2. Appellant filed an untimely post-sentence motion on October 6, 2019,[5] challenging both the sufficiency and weight of the evidence supporting her convictions. On October 22, 2019, Appellant filed a timely notice of appeal.[6]

Appellant presents one question on appeal:

> Was the evidence insufficient to sustain the conviction for Witness Intimidation 18 [Pa.C.S.] § 4952[(a)(1)]; Conspiracy 18 [Pa.C.S.] § 903[(c)]; and Terroristic Threats 18 [Pa.C.S.] § 2796[(a)(1)]?

Appellant's Brief at 11.

Our review of a challenge to the sufficiency of the evidence is well-established:

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to

---

[5] Appellant filed a post-sentence motion **thirteen days** after the court-imposed sentence. *See* Pa.R.Crim.P 720(A)(1) ("[A] written post-sentence motion shall be filed **no later than 10 days** after imposition of sentence.") (emphasis added).

[6] Appellant complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Von Evans*, 163 A.3d 980, 983 (Pa. Super. 2017) (citation omitted). Further, we emphasize the "fact finder is free to believe all, part, or none of the evidence." *Commonwealth v. Sexton*, 222 A.3d 405, 416 (Pa. Super. 2019) (citation omitted).

Preliminarily, we note that our review of Appellant's brief reveals no discussion of her claim that the evidence was insufficient to support her conviction of criminal conspiracy. *See* Appellant's Brief at 22-50. This Court addresses only those issues properly presented and developed in an appellant's brief, as required by the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101, 2119(a). Therefore, issues preserved and presented, but not developed in a brief's argument section, will be deemed waived. *Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016). Accordingly, Appellant has waived any sufficiency challenge to her conspiracy conviction.

With regard to her conviction of witness intimidation, Appellant argues the evidence was "insufficient as a matter of law to sustain [her] conviction

for the crime of intimidation that was charged in this case." Appellant's Brief at 23. Appellant emphasizes she was charged and convicted of witness intimidation under Subsection 4952**(a)(1)**, which "criminalize[s] an offender who is attempting to prevent a witness from **reporting** a crime." *Id.* (emphasis added). However, here, the "contact with [Complainant] took place **after** [Complainant] had already reported [a] crime to the police[,]" and the trial court found her guilty of attempting to intimidate Complainant "to withhold testimony . . . relating to the commission of a crime[,]" which is criminalized under Subsection 4952**(a)(3)**. *Id.* at 23-24. Thus, she insists the evidence did not satisfy the elements of the subsection of the witness intimidation statute under which she was charged. *See id.* at 25. Furthermore, Appellant argues "this case was nothing more than 'trash talk', a continuing verbal squabble among women who had competing romantic interests for the same boyfriend[.]" *Id.* at 23. She maintains the evidence was insufficient to establish her intent to intimidate Complainant under the statute when, considering their history, the incidents occurred during an "unplanned chance meeting on a busy street in broad daylight, and . . . outside a crowded courtroom, with other people present[.]" *Id.* at 33. Appellant also alleges the trial court disregarded evidence "which may have cast doubt as to the credibility of" Complainant, namely "violent and vulgar Instagram screenshots" she directed at Appellant. *Id.* at 40, 42.

In support of Appellant's conviction, the trial court concluded Appellant acted "with the specific intent to deter Complainant from pursuing the criminal

matter against [her]." Trial Ct. Op. at 6. It emphasized that mere days before the preliminary hearing, Appellant approached the Complainant on the street and attempted to intimidate her to withhold her testimony, and then, immediately following the preliminary hearing, Appellant, in defiance of a court instruction to allow Complainant to leave the courtroom first, conspired with Co-defendant to again threaten and intimidate Complainant. *Id.* The court found these incidents provided a sufficient basis to support Appellant's conviction for intimidation of witnesses or victims. *Id.* at 7.

For ease of review, we set forth the statutory provision at issue in this appeal. A person may be found guilty of intimidation of witnesses or victims if, *inter alia*,

> (a) . . . with the intent to or with the knowledge that [her] conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, [she] intimidates or attempts to intimidate any witness or victim to:

> > (1) Refrain from informing or reporting to any law enforcement officer, prosecuting official or judge concerning any information, document or thing relating to the commission of a crime.

> > \* \* \*

> > (3) Withhold any testimony, information, document or thing relating to the commission of a crime from any law enforcement officer, prosecuting official or judge.

18 Pa.C.S. § 4952(a)(1), (3).

Before we consider the merits of the issue raised on appeal, we must first determine whether the issue has been properly preserved and developed for our review. When so ordered, litigants are required to "concisely **identify**

each error that the appellant intends to assert **with sufficient detail** to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphases added). Errors identified in a 1925(b) concise statement "will be deemed to include every subsidiary issue that was **raised in the trial court** . . . ." Pa.R.A.P. 1925(b)(4)(v) (emphasis added). Compliance with the Pa.R.A.P. 1925(b) concise statement requirement guarantees the creation of "records amenable to meaningful appellate review" by affording trial courts the opportunity to opine on the issues litigants intend to raise on appeal. *Commonwealth v. Castillo*, 888 A.2d 775, 779 (Pa. 2005). Where a Pa.R.A.P 1925(b) concise statement is "too vague for the trial court to identify and address the issue to be raised on appeal[,]" the ambiguity can result in waiver. *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001).

Here, in her concise statement, Appellant argued simply that "[t]he evidence of witness intimidation . . . was insufficient as a matter of law to establish the [Appellant's] guilt beyond a reasonable doubt." Appellant's Statement of Errors Complained of on Appeal, 1/5/20, at 1. She further argues the incidents in question "established a mere minor squabble with vulgar language and gestures," which did not rise to the level of witness intimidation, as her actions did not establish a "specific intent" to interfere with the administration of justice. *Id.* at 1-2. However, Appellant did not challenge the appropriateness of the subsection under which she was charged and convicted. Thus, the trial court did not address this argument in its opinion. Nevertheless, Appellant now attempts to define the scope of her

appeal by arguing she was convicted of violating a subsection under which she was not charged. Appellant's Brief at 23-24. Because this claim was not raised in the trial court or sufficiently identified in her concise statement, it is waived for our review. **See Castillo**, 888 A.2d at 779; **Dowling**, 778 A.2d at 686.

Moreover, we note Appellant's argument implies she was charged with the wrong subsection of the witness intimidation statute. However, "[a] defendant waives [a] challenge to a defect in the criminal information if the defendant was placed on notice of the correct charge, defended against the correct charge, and made no objection to the discrepancy in the charged offense." **Commonwealth v. Raymond**, 233 A.3d 809, 814 (Pa. Super. 2020). This Court's discussion in **Raymond** is instructive.

In that case, the defendant raised a sufficiency challenge to his conviction based on a defect in the criminal information. **Raymond**, 233 A.3d at 811. Although he was charged with witness intimidation under Subsection 4952(a)(1), he argued the evidence was insufficient to convict him under that subsection; rather, he conceded the Commonwealth presented sufficient evidence for a conviction under Subsections 4952(a)(2) and (a)(3). **Id.** at 813. Indeed, at trial, the prosecution proceeded on a theory that the defendant "had attempted to convince the complainant to change his testimony or refrain from testifying against" him. **Id.** at 815-16. After finding the defendant was on notice of the defect, the court determined he had "defended himself against the appropriate charge and [had] made no

objection, either in his pretrial motions or at any point at trial, to the prosecution's theory." *Id.* As a result, the Court concluded the defendant waived his challenge to the defect in the criminal information. *Id.*

In the present case, the same is true. Regardless of the crime charged in her information, Appellant was on notice that the Commonwealth intended to prove she threatened Complainant in an attempt to prevent her from testifying under Subsection (a)(3). A panel of this Court highlighted that fact in Appellant's first appeal. *See Pezzetti-Funk*, 3368 EDA 2016 (unpub. memo. at 5) ("The Commonwealth presented evidence at the preliminary hearing that [Appellant], acting in concert with her sister, threatened [Complainant] to prevent her from testifying."). Appellant never argued before the trial court that her actions did not support a conviction under Subsection (a)(1) because Complainant had already reported the crime. Instead, she defended the charge by attempting to impeach the credibility of Complainant. N.T., Trial, at 59-64. Accordingly, even if this claim were preserved in Appellant's Rule 1925(b) statement, we would conclude she is entitled to no relief.

Appellant also asserts the trial court disregarded evidence "which may have cast doubt as to the credibility of" Complainant, namely "violent and vulgar Instagram screenshots" she directed to Appellant. Appellant's Brief at 40, 42. Claims focused on the credibility of witnesses challenge the weight, not the sufficiency, of the evidence. *Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011). A challenge to the weight of the evidence is

"addressed to the discretion of the trial court," **Commonwealth v. Thomas**, 194 A.3d 159, 167 (Pa. Super. 2018) (citation omitted), and, thus, must first be raised before the trial court either before sentencing or in a timely post-sentence motion. **See** Pa.R.Crim.P. 607, 720(a). Although Appellant included a challenge to the weight given Complainant's credibility in a post sentence motion, that motion was untimely filed, and her claim is therefore waived. **See Commonwealth v. Wrecks**, 931 A.2d 717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal.").

Lastly, Appellant challenges the sufficiency of the evidence supporting her conviction of terroristic threats. Appellant contends she "never uttered any words threatening a crime of violence . . . against [Complainant]." Appellant's Brief at 45. Further, she maintains "a cl[e]nched fist is not communication [as is] required by section 2706[.]" **Id.** at 50. Additionally, Appellant asserts her statements resulted from an agitated and angry state of mind and the terroristic threat statute was not intended to criminalize such behavior. **Id.** at 44, 47.

A person may be convicted of terroristic threats if she "communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). As defined in the statute, "the term 'communication' means conveys in person . . . ." 18 Pa.C.S. § 2706(e). "[T]he harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security." **Commonwealth v. Kline**, 201 A.3d 1288, 1290 (Pa.

Super. 2019) (quotation omitted), *appeal denied*, 216 A.3d 1038 (Pa. 2019).

It is immaterial whether the perpetrator has the ability to execute the threat

or whether the victim actually believes the threat will be carried out. ***Id.***

Furthermore, this Court has held, under proper circumstances, gestures

suggesting the presence of danger may sufficiently communicate an intent to

terrorize. ***Id.*** at 1291. However, the terroristic threats statute was not meant

to criminalize "'spur-of-the moment' threat[s] made during a period of

'transitory anger.'" ***Id.*** at 1291-92.

> The decision in ***Kline*** instructive. In that case,
>
> the victim testified that on at least seven prior occasions [the defendant] would stare at her, from his nearby property, with a "flat affect" and watch her and her family enter and exit the home. She also testified that [the defendant] would make eye contact with her and keep staring at her until her family would finally enter their house. These occurrences made the victim feel on edge, put her on "heightened alert," and made her wonder "[w]hat . . . he [was] going to do to [her children]." On the date of the alleged threatening incident, the victim testified that [the defendant] stepped "deliberately at [her] car," put both hands up and made a gun-firing motion at her. The victim testified that she was psychologically distressed at [the defendant's] hand gesture. Instead of retreating to her home when [the defendant] made the gesture, she continued to drive directly to the police station where Trooper Frank Ross testified that the victim "look[ed like] someone that was terrorized.

***Kline***, 201 A.3d at 1290-91. The defendant was subsequently convicted on

one count of terroristic threats. ***Id.*** at 1289. On appeal, this Court concluded

the conviction resulted directly from the psychological distress caused by the

defendant's invasion of the victim's sense of personal security. ***Id.*** at 1291.

Additionally, the court found, "[u]nlike a 'spur-of-the-moment' threat made

during a period of 'transitory anger,'" the incident followed seven separate occasions where the defendant would stare at the victim and her family "'with a flat affect' as they entered and exited the car and house." *Id.* at 1291-92 (footnote omitted). Accordingly, the Court concluded, under the circumstances of the defendant's case, the evidence was sufficient to prove he communicated an intent to terrorize the victim beyond a reasonable doubt. *Id.* at 1292.

Applying the foregoing analysis, **Kline** is in direct conflict with Appellant's assertion that "a cl[e]nched fist is not communication required by section 2706[.]" **See** Appellant's Brief at 50. Rather, Appellant relies upon a non-precedential decision of this Court, **Commonwealth v. Maxey**, 2821 EDA 2014 (unpub memo.) (Pa. Super. Jan. 5, 2016), for the proposition that "body language alone cannot constitute 'communication' for the purposes of a terroristic threat conviction." Appellant's Brief at 49. In **Maxey**, this Court reversed a conviction for terroristic threats, finding "solely nonverbal conduct, especially consisting only of raising ones hands to his chest," did not constitute terroristic threats "in light of the Commonwealth's inability to present evidence that Appellant uttered any words to suggest that he intended to terrorize [the victim]." **Maxey**, 2821 EDA 2014 (unpub. memo. at 8).

Appellant's reliance on **Maxey** is improper. First, pursuant to the Superior Court's Internal Operating Procedures (IOPs), "[a]n unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding[.]" Pa. Super.

Ct. IOP § 65.37. As *Maxey* was filed on January 5, 2016, almost three and one-half years before the May 2, 2019, IOP date, Appellant's reliance on *Maxey* is prohibited. Furthermore, we conclude *Maxey* does not support Appellant's claim that nonverbal conduct is insufficient evidence of an intent to terrorize. Appellant's Brief at 21, 45. The *ratio decidendi* in *Maxey* was not joined by a majority of the panel. Judge Panella concurred only in the result, and Judge Fitzgerald filed a concurrence, writing separately "that under appropriate circumstances, physical gestures or other symbols may 'convey' a threat to commit a crime of violence with the intent to terrorize another" although he concluded "such circumstances were not present in this case." *Maxey*, 2016 WL 71924, at *1, *3 (Fitzgerald, J., concurring) (citations omitted).

Here, the trial court explained Appellant's conviction was supported by evidence of Complainant's "prompt reporting following each incident[,] indicat[ing] that she experienced the distress sought to be prevented under the statute." Trial Ct. Op. at 8. Viewing the evidence in "a light most favorable to the verdict winner[,]" we reject Appellant's assertion that her behavior was a "'spur-of-the moment' threat made during a period of 'transitory anger.'" *Kline*, 201 A.3d at 1291-92; *Von Evans*, 168 A.3d at 983. Rather, in the present case, Appellant first attempted to intimidate the victim from testifying **before** the preliminary hearing. *See* N.T., Trial, at 27 (Appellant told Complainant "I hope you don't go to court on Monday."). She then defied a court-ordered "staggered release" after the hearing and screamed obscenities

- 14 -

at Complainant in the courthouse, while Co-defendant, her sister, approached Complainant, told her she "better drop the charges," and "put her fists up and said, when this is over she's going to beat [Complainant] up[.]" *Id.* at 15, 18, 34, 40. Thus, Appellant's actions, in concert with Co-defendant, were sufficient to establish Appellant communicated to Complainant a threat to commit a crime of violence with the intent to terrorize her. *See Kline*, 201 A.3d at 1291-92. Accordingly, no relief is warranted.

Because Appellant has failed to demonstrate the evidence was insufficient to support her convictions, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020