J-S13020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
                v.                  :
                                   :
                                   :
LESLIE JOHN BAILEY                :
                                   :
               Appellant        :     No. 961 MDA 2024

Appeal from the Judgment of Sentence Entered April 11, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000651-2022

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: JULY 8, 2025**

Leslie John Bailey appeals from the judgment of sentence entered after he was convicted of controlled substance offenses.[1] He challenges the lack of a complete transcript as well as multiple issues from his trial and sentencing. We affirm.

Police charged Bailey after conducting a series of controlled buys of methamphetamine, suboxone, and oxycodone. The case proceeded to a jury trial, where law enforcement and the confidential informant testified about the controlled buys. The informant identified Bailey as the person who sold him the drugs during each buy. The informant denied any consideration for his testimony; however, he acknowledged that he had pending charges.

---

[1] 35 P.S. § 780-113(a)(30) (possession with intent to deliver (PWID), nine counts), 780-113(a)(16) (possession, nine counts), and 780-113(a)(32) (paraphernalia, five counts).

The jury found Bailey guilty as charged. On April 11, 2024, the trial court imposed consecutive sentences for each of Bailey's PWID and paraphernalia convictions, for an aggregate term of 189 months to 456 months of imprisonment. Specifically, Bailey received fourteen sentences in the standard range of the sentencing guidelines:

- PWID (2.5 to <10 grams of methamphetamine), 30 to 60 months

- PWID (<2.5 grams of methamphetamine), 24 to 60 months, four counts

- PWID (suboxone and oxycodone), 12 to 24 months, four counts

- Possession of drug paraphernalia, 3 to 12 months, five counts

Bailey's possession convictions merged for sentencing purposes. Bailey filed post-sentence motions, which the trial court denied.

Bailey timely appealed. He requested a transcript of his trial. On September 13, 2024, the Court Monitor filed an affidavit that the transcript of Bailey's trial was filed in the office of the prothonotary. "Parties are hereby notified that any objections to the text of said transcript are to be made within five (5) days from the date of this notice." Affidavit, 9/13/24. Bailey did not object to the transcript. Bailey and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Bailey presents six issues for review:

1.) Whether [Bailey] is entitled to a new trial as he cannot effectively exercise his direct appeal rights because he has not been provided with a full and fair transcript of his trial proceedings?

2.) Whether the evidence at trial was insufficient to support [Bailey's] convictions on all counts?

3.) Whether the jury's verdict was against the weight of the evidence?

4.) Whether the Trial Court abused its discretion and committed reversible error by imposing a sentence that was unreasonable?

5.) Whether the Trial Court should have ordered a new trial due to newly discovered evidence in accord with Pa.R.Crim.P. 702(c) given that the confidential informant utilized by the Commonwealth during trial had active pending charges at the time with no disposition or sentence, thereby rendering Trial Counsel unable to effectively cross-examine him?

6.) Whether the failure of the Commonwealth to disclose a potential plea deal or agreement with the confidential informant with regard to his open charges constitutes a violation of **Brady v. Maryland**[, 373 U.S. 83 (1963)]?

Bailey's Brief at 5–6.

In Bailey's first issue, he argues the transcript of his trial is not "full and complete" because the official court reporter indicated forty-five times that statements were "unintelligible." Bailey therefore contends that he lacks a "full transcript or an equivalent picture of the trial proceedings," depriving him of meaningful appellate review. **See Commonwealth v. Goldsmith**, 304 A.2d 478 (Pa. 1973). Bailey requests a remand for a new trial.

To provide a meaningful right to appeal, due process requires either a transcript or at least "an equivalent 'picture' of what transpired below." **See Commonwealth v. Anderson**, 272 A.2d 877, 882 (Pa. 1971). It is the Commonwealth's responsibility to ensure that a transcript or equivalent picture is available, through any means of reconstructing the proceedings for review. **Goldsmith**, 304 A.2d at 482. Additionally, an appellant "may file a written objection" to an incomplete transcript or "may prepare a statement"

of trial using the best available means if a transcript is unavailable. Pa.R.A.P. 1922(c)(1), 1923. "Objections to the trial transcript are properly settled in the lower court." *Commonwealth v. Szakal*, 50 A.3d 210, 217 (Pa. Super. 2012).

Here, the court reporter transcribed Bailey's entire trial, but the notes of testimony indicate that certain words were "unintelligible" (or an equivalent phrase). Bailey did not avail himself of the option to object to the incomplete portions of the transcript for the trial court to resolve. *Id.* He did not use any means to prepare a statement of which "unintelligible" words are dispositive of his appeal, such as consulting trial counsel or the prosecutor. Notably, while Bailey asserts that the "gaps in the transcript are at determinative moments of the trial," he does not suggest how this affects his substantive issues on appeal or otherwise prevents effective advocacy. As the trial court observed, a reader can infer missing words from the surrounding testimony. Thus, we view the transcript indications that some words were "unintelligible" not to hinder meaningful review of Bailey's appeal. Bailey's first issue fails.

Bailey's second issue is a challenge to the sufficiency of the evidence to sustain all of his convictions. He argues that the police did not adequately supervise the controlled buys or witness the actual exchanges, and that the police did not recover any of the prerecorded buy money.

When this Court reviews a sufficiency claim, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Baker*, 201 A.3d 791, 795 (Pa. Super. 2018) (citing *Commonwealth v. Sanchez*, 36

A.3d 24, 37 (Pa. 2011)). Our task is to "determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt." *Id.* (citing *Commonwealth v. Von Evans*, 163 A.3d 980, 983 (Pa. Super. 2017)).

Here, the evidence was sufficient based on the testimony from law enforcement as well as the informant. The jury could credit the informant's identification of Bailey as the person who sold him drugs and possessed drug paraphernalia. Bailey's second issue fails.

Bailey's third issue is a challenge to the weight of the evidence. He submits that the informant was "compromised" by pending criminal charges. He alleges defects in the trial evidence, such as the detectives' failure to strip search the informant every time or to personally observe the controlled buys. Therefore, Bailey argues this Court should vacate his conviction and remand for a new trial.

An appellate court reviewing a weight claim reviews "the exercise of discretion, not the underlying question of whether the verdict was against the weight of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 643 (Pa. Super. 2017) (quoting *Commonwealth v. Talbert*, 129 A.3d 536, 545–46 (Pa. Super. 2015)). Our task is to determine whether the trial court abused its discretion by concluding that the verdict was so contrary to the weight of the evidence from trial "as to shock the trial court's conscience and its sense

of justice." ***See Commonwealth v. Rogers***, 259 A.3d 539, 541 (Pa. Super. 2021). A trial court's discretion is broad yet not unlimited:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (quoting ***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000)).

Here, the trial court opined that its "conscience was not shocked by the jury's verdict." Trial Court Opinion, 11/5/24, at 4. Bailey does not explain how this conclusion was manifestly unreasonable, a misapplication of the law, or the product of partiality, prejudice, bias, or ill-will. ***See id.*** Rather, he "essentially asks us to reassess the credibility of the eyewitnesses and reweigh the testimony and evidence presented at trial." ***Miller***, 172 A.3d at 643. This argument fails to demonstrate an abuse of discretion. Therefore, Bailey's third issue fails.

In his fourth issue, Bailey challenges his sentence as unreasonable. This implicates the discretionary aspects of his sentence, rather than its legality. ***See Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). As such, Bailey must invoke this Court's jurisdiction by presenting a substantial question that his sentence is inappropriate under the Sentencing Code. ***Id.***;

*see* 42 Pa.C.S. § 9781(b).[2]  We distill two such questions from Bailey's brief: (1) whether the trial court imposed an unduly harsh sentence and failed to consider Bailey's age, and (2) whether it was abuse of discretion to impose a greater aggregate sentence than Bailey would have received if he had sold the same total amount of drugs in only one transaction.

On the merits, we observe that all of Bailey's sentences were within the standard range of the sentencing guidelines.  Therefore, we must affirm unless "the application of the guidelines would be clearly unreasonable."  42 Pa.C.S. § 9781(c)(2).  Bailey's sentencing claims do not evince an abuse of discretion. The court was aware of Bailey's advanced age after presiding over trial and reviewing the report of a pre-sentence investigation.  Furthermore, the trial court recognized that Bailey was not entitled to a "volume discount" for his distinct sales to the informant.  Trial Court Opinion, 11/5/24, at 6 (citing ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995)).  Because the trial court did not abuse its discretion in imposing sentence, Bailey's fourth issue fails.

Bailey's fifth and sixth issues concern the informant's criminal charges, which were pending at the time of Bailey's trial.  He states that the informant

---

[2] Bailey did not include a separate section in his brief with "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).  However, the Commonwealth did not object to the omission.  Therefore, we may excuse the noncompliance with Rule 2119(f) and determine whether Bailey presents a substantial question for review.  ***See Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004).

subsequently pled guilty to disorderly conduct, and the informant's remaining charges were dismissed. Bailey argues that the informant's plea agreement with the Commonwealth "in exchange for his testimony" was newly discovered evidence as well as favorable evidence under **Brady v. Maryland**, 373 U.S. 83 (1963). "Given that [the informant's] guilty plea date was moved multiple times to take place after [Bailey's] trial, it could be assumed that the Commonwealth wanted to secure the testimony of [the informant] prior to providing favorable disposition of his criminal charges." Bailey's Brief at 23–24.

Bailey has not established that the informant had a beneficial plea deal at the time of Bailey's trial. We decline Bailey's invitation to speculate that such an agreement existed, or that it depended on the informant's testimony. At Bailey's trial, the informant acknowledged his prior and pending charges. He denied that there was any agreement for the Commonwealth to help him out in exchange for his testimony. Bailey cross-examined the informant about his pending charges. The record does not support the existence of any pending plea agreement; hence, Bailey's final issues fail.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/08/2025