J-A24043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY DAYQUON MOULTRIE | : | No. 135 MDA 2025 |

Appeal from the Order Entered December 30, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000255-2024

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED: DECEMBER 3, 2025**

The Commonwealth appeals from the order granting partial, habeas corpus relief to Anthony Darquon Moultrie.[1] We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> [A] hearing on [Moultrie's] petition for writ of habeas corpus was held on July 10, 2024. At said hearing, the Commonwealth presented the transcript of a February 29, 2024, bail modification hearing from [a 2022 case against Moultrie] as evidence in this case. The victim was not present at the habeas corpus hearing.

---

[1] This appeal is properly before us. ***See Commonwealth v. Merced***, 265 A.3d 786, 793 (Pa. Super. 2021) (holding that Superior Court "has appellate, subject matter jurisdiction over orders granting habeas corpus relief" because "[s]uch orders are final, civil judgments against the Commonwealth").

The trial court denied Moultrie's habeas corpus motion regarding his charge of false reports to law enforcement, which arose from the same incident.

Defense counsel objected to the transcript of another type of hearing (bail revocation/modification) in another case being used as evidence in this case. The Court allowed the use of the prior transcript.

Ms. [Aliyah] Moten is the alleged victim in this case. Ms. Moten was also one of the victims in [the 2022 case; the other victim in that case was Mr. Naseir Robinson]. [Moultrie], in this case, is charged with attempting to intimidate Ms. Moten to elude, evade or ignore any request to appear or legal process summoning her to appear to testify or supply evidence in [the 2022 case]. At the bail hearing in [the 2022 case] Ms. Moten testified that in the parking lot of the grocery store after an incident inside the grocery store, that involved [Moultrie] and another party (Mr. Robinson), [Moultrie] called her a rat and asked if she was going to testify (referring to testifying in [the 2022 case]). When [Moultrie] said this, he was standing behind his car door getting into his car. Ms. Moten testified that she was not with Mr. Robinson. She was walking to her car in the parking lot while an argument was happening between [Moultrie] and Mr. Robinson.

Trial Court Opinion, 5/14/25, at 2-3 (citations to record and footnotes omitted).[2]

As part of an omnibus pretrial motion, Moultrie filed a motion for habeas corpus relief requesting a dismissal of all the charges filed against him in this case. As noted above, the trial court held an evidentiary hearing on July 10, 2024.[3] By order entered December 30, 2024, the court dismissed the witness intimidation charge, but denied the motion with regard to the false reports

---

[2] According to the trial court, Ms. Moten testified against Moultrie in the 2022 case, and Moultrie was acquitted of all charges. *See id.* at 2 n.1.

[3] At this time, the Commonwealth advised the court that it previously withdrew an additional witness intimidation charge which specified Mr. Robinson as the victim. N.T., 7/10/24, at 3-4.

charge. This appeal followed.[4] Both the Commonwealth and the trial court have complied with Appellate Rule 1925.

The Commonwealth's brief does not contain a statement of questions involved. In its table of contents, however, the Commonwealth included the following issue under its Argument listing:

> Whether the trial court erred/abused its discretion when it granted [Moultrie's] Motion for Writ of Habeas Corpus and dismissed the charge of intimidation of a witness?

Commonwealth's Brief at i.

"Ordinarily, an appellate court will review the grant or denial of a petition for Writ of *Habeas Corpus* for an abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review is plenary." **Merced**, 265 A.3d at 792 (citing **Commonwealth v. McClelland**) 233 A.2d 717, 732 (Pa. 2020). Put differently, "[t]he trial court is afforded no discretion in deciding whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its burden to make out the elements of a charged crime." **Commonwealth v. Munson**, 261 A.3d 530, 540 (Pa. Super. 2021) (citation omitted).

In **Munson**, this Court summarized the applicable legal principles as follows:

---

[4] The Commonwealth's notice of appeal also included its certification that the trial court's order would terminate or substantially handicap its case against Moultrie. **See** Pa.R.A.P. 311(d).

[A]t the preliminary stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prime facie* case exists when the Commonwealth produces evidence of each of the material elements of the crimes charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

Weight and credibility of evidence are not factors at the preliminary hearing stage. All evidence must be read in the light most favorable to the Commonwealth, and inferences reasonably drawn therefrom which would support a verdict of guilt are to be given effect. Courts must employ a "more-likely-than-not" test to assess the reasonableness of inferences relied upon. Anything less amounts only to suspicion and conjecture. Our Supreme Court recently reminded that the *prima facie* showing is a low threshold for the Commonwealth to surpass.

**Munson**, 261 A.3d at 540 (some formatting altered; internal citations omitted).

Moultrie was charged with intimidation of a witness, which reads, in pertinent part, as follows:

### § 4952. Intimidation of witnesses or victims

**(a) Offense defined.**—A person commits an offense if, with the intent to or with knowledge that his conduct will obstruct, impede, impair, prevent or interfere with the administration of criminal justice, he intimidates or attempts to intimidate any witness or victim to:

\*\*\*

(5) Elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence.

18 Pa.C.S.A. § 4952(a)(5).

- 4 -

Here, the trial court concluded that the Commonwealth failed to present a *prima facie* showing that Moultrie intimidated Ms. Moten. As the court thoroughly explained:

> In this case, [Moultrie] called Ms. Moten a rat and asked if she was going to testify. [Moultrie] did not, either personally or through someone else, try to induce, convince or threaten the victim not to appear, testify or cooperate with the authorities. [Moultrie] did not even ask Ms. Moten not to testify. ***See Commonwealth v. Doughty***, [126 A.3d 951 (Pa. 2015)], and ***Commonwealth v. Von Evans***, 163 A.3d 980 (Pa. Super. 2017).
>
> The statements that are the subject of this appeal, allegedly made to Ms. Moten by [Moultrie], were made in the parking lot of a grocery store while [Moultrie] and another person or persons were arguing. There is no evidence that [Moultrie] and Ms. Moten being at this particular store at the same time was anything other than coincidence. No evidence was presented that [Moultrie] threatened Ms. Moten. No evidence was presented that [Moultrie] asked or suggested to Ms. Moten not to appear and/or testify. No evidence was presented that [Moultrie's] statements to Ms. Moten were made in a threatening tone. No evidence was presented of violent or aggressive tone or body language by [Moultrie]. When [Moultrie] made the statements, he was standing behind his car door getting into his car. No evidence was presented that [Moultrie] approached Ms. Moten or her car. Ms. Moten herself stated she was not afraid of [Moultrie]. No evidence was presented, even circumstantially, of [Moultrie's] criminal intent or knowledge.
>
> The elements of the statute include intimidating or attempting to intimidate any witness or victim to elude, evade or ignore any request to appear or legal process summoning him to appear to testify or supply evidence. No evidence was presented that the authorities were attempting to secure Ms. Moten['s] appearance or that any matters were scheduled at the time.
>
> [The trial court] agrees that the Commonwealth does not have to prove that [Moultrie] successfully intimidated [Ms. Moten]. [The trial court] also agrees that intent or knowledge can be proven through circumstantial evidence. In this case, however, it is a stretch, even for a prima facie case, that calling someone a

> rat, and asking if they are going to testify, without more, establishes the requisite intent or knowledge necessary to sustain this charge of intimidation of [Ms. Moten]. Inquiring if someone is going to testify is not the same as intimidating or attempting to intimidate them not to testify. **See** the similar distinction between "inducing" and "intimidating" in [**Von Evans**, 163 A.3d at 985], citing [**Doughty**, **supra**]. Intimidation cannot be inferred from inducement, without more.

Trial Court Opinion, 5/14/25, at 3-4 (citation to record omitted).

Our review of the record and applicable case law supports the trial court's conclusion that no intimidation occurred. **See Von Evans**, **supra** (holding that the defendant's intent to induce the rape victim not to testify by offering her, through defendant's girlfriend, a pecuniary benefit did not establish the defendant's intent to "intimidate" the victim as required to support an intimidation of witness conviction).

The Commonwealth's arguments to the contrary are unavailing. It cites to two non-precedential decisions where we held that calling a person a "rat" is sufficient intimidation. The Commonwealth first cites **Commonwealth v. Hamilton**, 241 A.3d 451, *1 (Pa. Super. 2020) (non-precedential decision). In **Hamilton**, this Court found a sufficient basis for the jury to conclude that the defendant intended to intimidate a witness not to testify when, immediately before the witness was to testify at a preliminary hearing, she passed the defendant and another man after she exited a courthouse elevator and "'one of them started hissing' at her and one of them called her a 'rat' and a 'snake.'" **Id.** at *1.

This case is easily distinguishable. In affirming the defendant's conviction, we stated that "in the present case, context is key. The incident took place in the courthouse, minutes before [the witness] was scheduled to testify against the defendant's friend, . . . who was charged with murder." *Hamilton*, at *7. Here, by contrast and noted by the trial court, the Commonwealth presented no evidence that Ms. Moten was ever contacted to testify or even that Moultrie's 2022 case was scheduled for trial.

The Commonwealth next cites *Commonwealth v. Harmon*, 2014 WL 10979769 (Pa. Super. 2014) (non-precedential decision) for the same proposition. *See* Commonwealth's Brief at 7. Initially, we note that, because *Harmon* was decided prior to May 1, 2019, it cannot be cited for persuasive authority. *See* Pa.R.A.P. 126(b). Nonetheless, we also find this case distinguishable.

In *Harmon*, the female defendant uploaded the witness's typed statement about a shooting on Facebook, which caused the witness to fear for his safety:

> The Facebook image was an exact copy of the statement the witness had given, complete with his name, cell phone number, address, and date of birth. The heading of the uploaded image stated, "Paperwork!!! Fuckin Rat.!" The image also contained a statement from [the defendant] stating, "SMH. Niggas Need 2 Exercise Their Right 2 Remain Silent!!! Rat Bastards."

*Harmon*, at *1 (citations to record omitted). Subsequent police investigation revealed a phone call between the defendant and her paramour, who was incarcerated on an attempted murder charge, in which the defendant admitted

that she received the witness's "paperwork" and posted it on Facebook. Thereafter, another man joined the conversation and the trio "discussed how to disseminate the statement so that everyone could see it." *Id.*

Agreeing that the Commonwealth presented sufficient evidence to support the defendant's intimidation of a witness conviction, this Court cited with approval the trial court's conclusion as follows:

> Viewing the evidence in the light most favorable to the Commonwealth, [the trial court] was correct in finding that [the Commonwealth] proved beyond a reasonable doubt [the defendant's] intent to intimidate a witness into withholding any testimony against her paramour[.] Her intent was specifically established through her Facebook posting when she published that [the witness] needs to exercise his right to remain silent, and then calls him a rat. Her statement, in accordance with the distinct negative connotation "rat" holds in [the defendant's] tough community is certainly construed as a warning to the witness to remain quiet.

*Id.* at *4.

Here, by contrast, Moultrie called Ms. Moten a "rat" in a supermarket parking lot not on social media. Also, the Commonwealth presented no evidence tending to establish that the supermarket was in a "tough community" or that the statement was intended as a warning.

In sum, we agree with Moultrie and the trial court that calling someone a "rat" outside a supermarket and merely asking her if she was still going to testify at a future unscheduled hearing is insufficient to support a *prima facie* case of witness intimidation. We therefore affirm the trial court's granting Moultrie partial, habeas corpus relief.

Order affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2025