# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edmond Raymond, : 
              Petitioner : 
               : 
       v. :   No. 904 C.D. 2020
               :   Submitted: July 2, 2021
Pennsylvania Parole Board, : 
              Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY PRESIDENT JUDGE BROBSON          FILED: December 16, 2021

Edmond Raymond (Raymond) petitions for review of a final determination of the Pennsylvania Parole Board (Board), dated July 17, 2020, which denied Raymond's petition for administrative review of the Board's decision recommitting him to a state correctional institution (SCI) as a convicted parole violator (CPV) and declining to award him credit for the time he spent at liberty on parole. We now vacate the Board's final determination and remand the matter to the Board.

On February 16, 2000, after pleading guilty to attempted murder and drug offenses, Raymond was sentenced to 11 to 22 years in an SCI. (Certified Record (C.R.) at 5-6.) At that time, his maximum sentence date was July 28, 2021. (*Id.* at 1, 4.) On June 9, 2015, he was released on parole. (*Id.* at 4.)

On July 25, 2017, the Philadelphia Police Department arrested Raymond and charged him with intimidation, retaliation, possession of an instrument of crime,

terroristic threats, and simple assault. (*Id*. at 11.) The affidavit of probable cause alleged that on July 15, 2017, Raymond approached a man who had witnessed a homicide (Witness) and who was cooperating with police investigators. (*Id.* at 13-14.) Using a handgun, Raymond threatened Witness, telling Witness to retract his statements regarding the homicide. (*Id.*)

On the same day that Raymond was arrested, the Board issued a detainer warrant. (*Id.* at 15.) Raymond waived his right to counsel and a detention hearing. (*Id.* at 20.) The Board issued a decision, recorded on October 19, 2017, detaining Raymond pending disposition of the new criminal charges. (*Id.* at 26.)

On August 1, 2018, Raymond was found guilty of intimidation of a witness under Section 4952 of the Crimes Code, 18 Pa. C.S. § 4952, and was sentenced on November 7, 2018, by the Court of Common Pleas of Philadelphia County to a term of 6 to 12 years in an SCI.[1] (*Id.* at 27-29, 96.) He was found not guilty of possession of an instrument of crime and was acquitted of a charge of retaliation against a witness; charges of terroristic threats and simple assault were dropped. (*Id*. at 27, 95-96.) Raymond did not post bail on the new criminal charges prior to his sentencing. (*Id*. at 90, 95.)

On December 18, 2018, the Board conducted a revocation hearing, at which Raymond was represented by counsel. (*Id*. at 78.) The revocation hearing report indicates that the hearing examiner recommended that Raymond not be credited for time spent at liberty on parole because his conviction involved possession of a weapon and was assaultive in nature and also because of his prior history of

---

[1] Raymond explains that this conviction "was reversed." (Raymond's Br. at 9.) Raymond appealed the judgment of sentence entered by the Court of Common Pleas of Philadelphia County. The Superior Court "vacate[d] the judgment of sentence and remand[ed] for the trial court to grade [Raymond's] witness intimidation conviction as a second-degree misdemeanor [instead of a first-degree felony]." *Commonwealth v. Raymond*, 233 A.3d 809, 811 (Pa. Super. 2020).

supervision failures. (*Id.* at 80.) On January 21, 2019, a Board member signed the revocation hearing report, adopting the hearing examiner's recommendation that Raymond be recommitted as a CPV for 15 months and that he be denied credit for time spent at liberty on parole because his conviction, in part, involved possession of a weapon. (*Id.* at 80-81, 83-84.) By decision recorded on March 5, 2019 (mailed March 8, 2019), the Board recommitted Raymond as a CPV to serve 15 months' backtime in an SCI due to his conviction for intimidation of a witness; the Board declined to award him credit for the time he spent at liberty on parole because the "conviction involved possession of a weapon." (*Id.* at 108-09.) The Board recalculated his parole violation maximum date to be March 11, 2025, which was calculated by adding 2,241 days—the unserved balance of Raymond's original sentence—to his custody for return date of January 21, 2019. (*Id.* at 106-07.)

Raymond, *pro se*, filed an administrative remedies form, challenging, in part, the Board's decision to deny him credit for time spent at liberty on parole. (*Id.* at 112-14.) The Board based its decision on its understanding that Raymond's conviction involved possession of a weapon, and Raymond argued that he was found not guilty of possession of an instrument of crime, *i.e.*, a weapon, such that the Board erred in relying on an inaccurate reason for denying him credit. (*Id.*)

By final determination mailed on July 17, 2020, the Board denied Raymond's request for administrative relief and affirmed its decision recorded on March 5, 2019. (*Id.* at 146-47.) With regard to the Board's denial based on Raymond's conviction involving possession of a weapon, the Board first explained that the decision to grant or deny a CPV credit for time spent at liberty on parole is purely a matter of discretion and that the Board need only articulate the basis for denying credit, which it did here by stating that Raymond's new conviction involved possession of a

3

weapon. (*Id.* at 146.) In so explaining, the Board quoted a portion of the record from the affidavit of probable cause, which described the incident in which Raymond allegedly intimidated Witness and Witness recounted Raymond having a black handgun. (*Id.*) Based on this portion of the record, the Board determined that its reason for denying Raymond credit was legally sufficient. (*Id.*)

On appeal,[2] Raymond argues that the Board abused its discretion by not awarding him credit for a portion of the time he spent at liberty on parole from June 9, 2015, to July 25, 2017, which is the period from his release on parole to the day he was arrested by the Philadelphia Police Department, because the reason articulated by the Board is contrary to the record. Raymond requests that the matter be remanded to the Board for reconsideration of its determination to deny credit in this case. Raymond also argues that, by recomputing his maximum sentence date, the Board changed the parameters of his judicially imposed sentence, which the Board does not have the authority to do.

When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will[.]" *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006); *see also Moss v. SCI-Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1133 n.5 (Pa. Cmwlth. 2018), *appeal denied*, 215 A.3d 562 (Pa. 2019). Section 6138(a)(2.1) of the Prisons and Parole Code (Parole

---

[2] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

Code), 61 Pa. C.S. § 6138(a)(2.1), sets forth guidelines for the Board's discretionary power in granting and denying credit for time spent at liberty on parole and provides:

> The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2)[3] for the time spent at liberty on parole, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>>
>> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

In *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), our Supreme Court observed that Section 6138(a)(2.1) of the Parole Code "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Pittman*, 159 A.3d at 473. When exercising its discretion to deny credit for time spent at liberty on parole, the Board must provide a "contemporaneous statement" explaining its rationale. *Id.* at 475. The Board's explanation need not be extensive, and "a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12. This allows the appellate court reviewing the matter to have a "method to assess the Board's exercise

---

[3] Section 6138(a)(2) of the Parole Code provides: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(2).

We note that various sections of the Parole Code, including Section 6138(a)(2) and (2.1), have recently been amended by the Act of June 30, 2021, P.L. 260. We nevertheless quote the language of those sections that was in effect at the time the Board rendered its decision in this matter.

5

of discretion." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018) (quoting *Pittman*, 159 A.3d at 474). To meet the standard, "[t]he Board's credit decision should contain sufficient facts related to the parolee 'to ensure the decision is not arbitrary[,]'" and its "statement of reasons should be informed by aggravating and mitigating circumstances and account for the parolee's individual circumstances[,]" and, "[a]t a minimum, . . . must accurately reflect the facts informing its decision." *Id.* at 652 (quoting *Barge v. Pa. Bd. of Prob. & Parole*, 39 A.3d 530, 548 (Pa. Cmwlth. 2012), *aff'd*, 96 A.3d 360 (Pa. 2014)). In addition to accuracy, we have also considered whether the Board's stated reason "is documented in the record and affords the parolee notice of the specific acts being referenced." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019), *appeal denied*, 222 A.3d 1130 (Pa. 2020). When the Board's stated reason for denying credit is inconsistent with the record, such that it is "an insufficient articulation of" a reason to deny credit, a "remand to the Board for the limited purpose of explaining its exercise of discretion in its credit determination[] and to correct any error in exercising that discretion based on the facts and circumstances of [the parolee's] parole revocation" is appropriate. *Marshall*, 200 A.3d at 651-52 (footnote omitted).

Raymond contends that his conviction for intimidation of a witness is "not one of the disqualifying offenses . . . which would render him ineligible for consideration for credit for street time upon his recommitment as a CPV." (Raymond's Br. at 9.) Acknowledging that the Board has discretion to award credit, Raymond asserts that the Board abused that discretion by denying him credit on the basis that his conviction involved possession of a weapon because he was found not guilty of possession of an instrument of crime, *i.e.*, a weapon. Raymond thus

6

requests that the matter be remanded to the Board for reconsideration of its determination to deny credit in this case.

The Board, in response, concedes that its "decision did not accurately reflect the recommendation to deny credit which provided that the '[c]onviction was assaultive in nature' and due to Raymond's '[p]rior history of supervision failures.[']" (Board's Br. at 7 (some alterations in original) (quoting C.R. at 80).) Thus, the Board agrees with Raymond that this case should be remanded to the Board for it to issue a new decision explaining its exercise of discretion in its credit determination as to the time Raymond spent at liberty on parole, so as to enable meaningful appellate review of the matter. (*Id.* at 7-8.)

We agree with the parties. The Board's determination that Raymond's new conviction involved possession of a weapon is not supported by the record. While the affidavit of probable cause, on which the Board relied to support its claim that Raymond's conviction involved possession of a weapon, recounts Witness's claim that Raymond had a weapon, (*see* C.R. at 14), Raymond was found not guilty of possession of an instrument of crime, *i.e.*, a weapon. The only crime for which Raymond was ultimately found guilty was intimidation of a witness, which does not involve possession of a weapon. Accordingly, the Board's conclusion that Raymond's new conviction for the crime of intimidation of a witness involved possession of a weapon is not supported by the evidence of record in this case. We conclude, therefore, that the Board abused its discretion by denying Raymond credit based on his alleged possession of a weapon during his commission of the crime of intimidation of a witness, the only crime of which he was convicted, and further conclude that a remand is necessary in this case.

7

For the reasons set forth above, we vacate the Board's final determination and remand the matter to the Board for reconsideration of its denial of credit.[4]

_____

P. KEVIN BROBSON, President Judge

---

[4] As to Raymond's argument that the Board is without authority to extend his judicially imposed sentence, Raymond contends that the Board's denial of credit and subsequent recalculation effectively constitutes additional punishment and/or a new sentence. We need not address this argument at this time, because we are vacating the Board's final determination and remanding the matter for the Board to revisit the issue of whether Raymond is entitled to credit.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Edmond Raymond,                               :
                          Petitioner           :
                                               :
            v.                                 :     No. 904 C.D. 2020
                                               :
Pennsylvania Parole Board,                    :
                          Respondent           :

# **O R D E R**

AND NOW, this 16th day of December, 2021, the final determination of the Pennsylvania Parole Board (Board) is VACATED, and the matter is REMANDED to the Board for the issuance of a new final determination.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, President Judge