J-S27033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEO JOSEPH MCALLISTER | : | |
| | : | |
| Appellant | : | No. 23 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007751-2017

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  January 11, 2022**

Appellant, Leo Joseph McAllister, appeals from the judgment of sentence imposed by the Court of Common Pleas of Allegheny County following a jury trial at which he was convicted of indecent assault and corruption of minors.[1] For the reasons set forth below, we vacate the judgment of sentence on the corruption of minors conviction and remand for resentencing on that conviction.

In 2017, Appellant was charged with one count of involuntary deviate sexual intercourse, two counts of indecent assault-person under sixteen, one count of unlawful contact with a minor, one count of corruption of minors

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3126(a)(8) and 6301(a)(1)(ii), respectively.

graded as a third-degree felony, and one count of terroristic threats, arising out of encounters between him and the fourteen-year-old son of his tenants (Minor). This case was joined for trial with another case in which Appellant was charged with threatening one of Minor's parents, stalking Minor, and loitering and prowling around Minor's family's house. Both cases were tried to a jury from June 7, 2019 to June 11, 2019.

At trial, Minor testified that in the spring of 2017 he did drywall and plumbing work at Appellant's house. N.T. Trial at 73-84. Minor testified that Appellant made comments to him about Appellant needing sex and about Appellant's genitals and that Appellant asked Minor what Minor's underwear size was. *Id.* at 75. Minor testified that on one occasion, when Minor was working on pipes in Appellant's basement, Appellant "grabbed my butt" and told Minor that he would burn down Minor's house if Minor told anyone. *Id.* at 76-79. Minor testified that on a different day, while he was drilling a hole in Appellant's living room ceiling to do plumbing work, Appellant grabbed Minor's penis over his clothes. *Id.* at 80-83. Minor also testified that when he returned to Appellant's house on a later day to get paid for the work that he had done, Appellant had him take off his pants and underwear and Appellant got down on his knees and "sucked my balls." *Id.* at 84-86, 92.

On June 11, 2017, the jury found Appellant guilty of corruption of minors and one count of indecent assault, but acquitted Appellant of the other charge of indecent assault and the charges of involuntary deviate sexual intercourse,

unlawful contact with a minor, and terroristic threats and acquitted Appellant of all charges in the other case. N.T. Trial at 328-34. At sentencing on September 3, 2019, Appellant's counsel made a motion for extraordinary relief in which he argued that the jury's acquittal on all but one of the sexual offense charges negated the course of conduct requirement for felony corruption of minors. N.T. Sentencing at 3-5, 7-8. The trial court denied this motion and sentenced Appellant to 25 to 50 years' imprisonment on the indecent assault conviction pursuant to 42 Pa.C.S. § 9718.2 (prescribing mandatory minimum and maximum sentences where the defendant has previously been convicted of a sexual offense) and a concurrent term of 2 to 4 years' imprisonment for corruption of minors graded as a third-degree felony. N.T. Sentencing at 8, 26; Sentencing Order.

Appellant filed a timely post sentence motion challenging the constitutionality of the mandatory minimum sentence, which the trial court denied by order entered November 7, 2019. No direct appeal was filed within 30 days, but on August 17, 2020, Appellant filed a petition under the Post Conviction Relief Act[2] seeking reinstatement of his appellate rights, which the trial court granted by order entered November 23, 2020. This timely appeal followed.

---

[2] 42 Pa.C.S. §§ 9541–9546.

In this appeal, Appellant does not challenge his conviction or sentence for indecent assault. Appellant presents only the following single issue for our review: whether his sentence for corruption of minors graded as a third-degree felony is an illegal sentence because the jury was not instructed on course of conduct, a fact that the jury must find for corruption of minors to be graded as a felony. This issue is a question of law subject to our plenary, *de novo* review. ***Commonwealth v. Reed***, 9 A.3d 1138, 1142 (Pa. 2010) (proper grading of offense of which defendant was convicted is a question of law subject to plenary, *de novo* review).

Where a higher grading of an offense requires a finding of an additional fact by the jury, the jury must be instructed on that element and if the jury is not instructed on that element, the defendant cannot be sentenced under the higher grading for the offense. ***Commonwealth v. Raymond***, 233 A.3d 809, 820 (Pa. Super. 2020); ***Commonwealth v. Popow***, 844 A.2d 13, 18 (Pa. Super. 2004); ***Commonwealth v. Morales***, Nos. 1111 EDA 2019 & 1112 EDA 2019, at 21-22 (Pa. Super. March 10, 2021) (unpublished memorandum).

The Crimes Code defines the crime of corruption of minors as follows:

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) **Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating**

- 4 -

**to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age**, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 **commits a felony of the third degree**.

18 Pa.C.S. § 6301(a) (emphasis added).  For Appellant to be convicted of felony corruption of minors and be sentenced based on the grading of the offense as a third-degree felony, it was therefore necessary that the jury find as a fact that the defendant engaged in "a course of conduct in violation of Chapter 31 (relating to sexual offenses) [of the Crimes Code]."  18 Pa.C.S. § 6301(a)(1)(ii); **Commonwealth v. Baker-Myers**, 255 A.3d 223, 234-35 (Pa. 2021); **Commonwealth v. Smith**, 206 A.3d 551, 564 (Pa. Super. 2019).  To find such a course of conduct, the jury must find that the defendant committed multiple acts in violation of Chapter 31 of the Crimes Code.  **Commonwealth v. Kelly**, 102 A.3d 1025, 1031-32 & n.4 (Pa. Super. 2014) (*en banc*).

Here, the trial court did not instruct the jury on what constitutes a "course of conduct in violation of Chapter 31" or a course of conduct of sexual offenses.  Rather, the only instruction that it gave the jury on corruption of minors was the following:

> The Defendant has been charged with corrupting a minor. To find the Defendant guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt: First, that the Defendant was 18 years of age or older at the time of the incident giving rise to the charge. Second, that [Minor] was under 18 years of age at the time; and third, that the Defendant aided, abetted, enticed or encouraged [Minor] to commit the crime of IDSI, unlawful contact with a minor; or C, [*sic*] attempted to corrupt the morals of [Minor] through sexual contact.

N.T. Trial at 308-09. Nothing in this instruction referenced course of conduct or charged the jury that it must find multiple acts or multiple sexual offenses to convict Appellant of corruption of minors or to answer any of the questions on the verdict form concerning that offense. *Compare Smith*, 206 A.3d at 565-66 (although jury charge did not reference course of conduct, jury charge was adequate to support grading of corruption of minors as a third-degree felony because trial court charged the jury that to convict defendant of corruption of minors it must find that defendant committed acts of sexual abuse "on numerous occasions").

Appellant did not object to the jury charge. A claim that the defendant was sentenced under an improperly graded conviction, however, is a non-waivable challenge to the legality of sentence. *Commonwealth v. Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018); *Popow*, 844 A.2d at 17. The fact that the defendant did not object therefore does not bar him from challenging the grading of the offense of which he was convicted based on the failure to instruct the jury on an essential element of the higher graded offense. *Popow*, 844 A.2d at 17; *Morales*, Nos. 1111 EDA 2019 & 1112 EDA 2019, at 13-22.

The jury was asked on the verdict form, after its guilty verdict on corruption of minors, "Do you find that the defendant engaged in a course of conduct constituting sexual offenses?" and answered "Yes." Verdict Form at 2; N.T. Trial at 328-31, 333-34. The jury was also instructed concerning

course of conduct as an element of the stalking charge in the other case that was joined with this case. N.T. Trial at 309-10. Neither of these facts changes our conclusion that the absence of a jury instruction on what the Commonwealth was required to prove for corruption of minors precluded the trial court from sentencing Appellant for that offense based on its grading as a third-degree felony.

Our precedents are clear that the jury must be instructed on the additional element of the higher graded offense for the defendant to be sentenced on the higher grading and do not hold that a finding without any instruction on what the Commonwealth must prove is sufficient to permit sentencing on the higher graded offense. *Raymond*, 233 A.3d at 820 (vacating sentence for witness intimidation graded as a first-degree felony because "the trial court gave an incomplete jury instruction" that did not instruct the jury on the additional facts it must find to support that grading); *Hoffman*, 198 A.3d at 1124 (concluding that endangering the welfare of children convictions must be graded as first degree misdemeanors rather than third-degree felonies where "the Commonwealth did not request, and the trial court did not instruct the jury on course of conduct," even though offense was charged as a third-degree felony); *Popow*, 844 A.2d at 18 ("in order [for endangering the welfare of children] to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at

trial of the additional factor of 'course of conduct,' **and the jury must be instructed on such**") (emphasis added).

The fact that the trial court instructed the jury on course of conduct for the offense of stalking likewise does not cure the defect in the corruption of minors jury instructions. The stalking charge was an entirely different offense in a separate case and Appellant was acquitted of that charge. Moreover, what the Commonwealth must show for grading corruption of minors as a felony is not identical to the explanation of course of conduct in the trial court's stalking instruction. With respect to stalking, the trial court instructed the jury that "course of conduct" required proof of "more than one act over a period of time, however short." N.T. Trial at 309-10. The course of conduct that the Commonwealth must prove to grade corruption of minors as a felony is not merely more than one act over a period of time, but more than one act in violation of Chapter 31 of the Crimes Code. *Kelly*, 102 A.3d at 1031-32 & n.4.

Indeed, a finding of course of conduct on the verdict form and a course of conduct instruction with respect to a different offense were both present in *Morales*, where we vacated a sentence on the ground that it was based on improper grading. In *Morales*, the defendant was charged with multiple sexual offenses and with endangering the welfare of children, was acquitted of all the sexual offenses, but was convicted of endangering the welfare of children and was sentenced for endangering the welfare of children as a third-

degree felony. Nos. 1111 EDA 2019 & 1112 EDA 2019, at 2-3, 7. Endangering the welfare of children, like corruption of minors, is graded as a third-degree felony if the Commonwealth proves a course of conduct, but is otherwise graded as a first-degree misdemeanor. *Id.* at 14. This Court held that the defendant could not be sentenced for felony endangering the welfare of children because the jury was not instructed on course of conduct with respect to that offense and vacated his sentence and remanded for resentencing for the convictions graded as first-degree misdemeanors, even though the jury found on its verdict form that the defendant engaged in a course of conduct endangering the welfare of children and the jury charge included a course of conduct instruction with respect to certain sexual offenses as to which the defendant was acquitted. *Id.* at 7, 19-22 & nn.14 & 15.

The Commonwealth argues that the failure to instruct the jury on the course of conduct required for corruption of minors to be graded as a felony was harmless error. That contention is without merit. Failure to instruct the jury on an essential element may constitutionally be held to be harmless error where that element is not seriously disputed and the omission of the instruction could not have affected the jury's verdict. ***Neder v. United States***, 527 U.S. 1, 15-20 (1999) (failure to instruct is harmless "where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error"). In contrast,

failure to instruct the jury is not harmless where it cannot be concluded that the jury clearly would have found the fact in question if they had been instructed on the issue. ***Commonwealth v. Newman***, 99 A.3d 86, 98-101 (Pa. Super. 2014) (*en banc*).

Here, Minor's testimony, if believed by the jury in its entirety, would establish the course of conduct necessary to grade the corruption of minors conviction as a felony, as Minor testified to three separate acts that constituted sexual offenses. Minor's credibility was not undisputed, however, and the jury's verdict does not show that it found his testimony credible with respect to more than of those acts. Although the Commonwealth charged Appellant with committing three sexual offenses, involuntary deviate sexual intercourse and two indecent assaults, and also charged him with unlawful contact with a minor, the jury convicted Appellant of only one indecent assault and acquitted him of the other two sexual offenses and the unlawful contact with a minor charge. N.T. Trial at 328-31, 333-34.[3] Given the jury's verdict that Appellant

_____

[3] Appellant argues that the jury's acquittal of two of the three sexual offenses also invalidates the felony grading of the corruption of minors conviction under our Supreme Court's recent decision in ***Baker-Myers***. While the acquittals appear to be inconsistent with the course of conduct required for felony corruption of minors, the Court in ***Baker-Myers*** held that inconsistency generally does not invalidate a conviction or a grading of an offense. 255 A.3d at 230-32, 235. Rather, the Court held that "[w]here … the jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction for felony corruption of minors cannot stand." ***Id.*** at 235. Because there was no instruction to jury that it was required to find more than

*(Footnote Continued Next Page)*

was guilty of only a single sexual offense, it cannot be concluded that the jury would have found a course of conduct if instructed on this issue and the trial court's failure to instruct the jury on course of conduct cannot be held to be harmless error.

Because the trial court failed to instruct the jury on the course of conduct that it must find for corruption of minors to be graded as a third-degree felony, the trial court could not sentence Appellant for that offense as a third-degree felony. We therefore vacate the judgment of sentence on the corruption of minors conviction and remand for resentencing on that conviction as a first-degree misdemeanor.

Judgment of sentence vacated in part. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judge Nichols joins this Memorandum.

Judge Olson files a Concurring Memorandum.

---

one of the charged sexual offenses to convict Appellant of corruption of minors or to find a course of conduct, the Court's ruling in **Baker-Myers** on the effect of an acquittal is inapplicable here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/11/2022</u>